Charles V. UPSHUR, Appellant,

v.

UNITED STATES, Appellee.

No. 97–CO–139.

District of Columbia Court of Appeals.

Submitted Oct. 15, 1998.
Decided Dec. 30, 1999.

---

Charles V. Upshur, pro se.

Wilma A. Lewis, United States Attorney, and John R. Fisher, Elizabeth Trosman, Stephanie G. Miller, Laura A. Cordero, and Rachel Adelman–Pierson,

Assistant United States Attorneys, were on the brief, for appellee.

Before WAGNER, Chief Judge, and STEADMAN and FARRELL, Associate Judges.

WAGNER, Chief Judge:

Charles Upshur, appeals from an order of the trial court denying his motion to vacate conviction and withdraw guilty plea. He argues that the trial court erred in denying the motion without a hearing. Specifically, as grounds for reversal, he contends that he did not knowingly and voluntarily enter the guilty plea because: (1) he was not informed of the mandatory minimum penalties and the elements of the offense of second degree murder; (2) he was not competent to enter the plea; and (3) he was denied effective assistance of counsel because of counsel's alleged misrepresentation concerning the disposition of his motion to suppress statements and identification and promises of concurrent sentences. We conclude that only Upshur's claim of ineffective assistance of counsel based upon counsel's alleged misrepresentations concerning the unfavorable disposition of his motion warranted a hearing. Therefore, we remand for an evidentiary hearing on this claim. In all other respects, the order of the trial court is affirmed.

## I.

Upshur entered a plea of guilty to one count of second degree murder while armed. At the beginning of the plea proceeding, the trial court explained to Upshur that there was no hurry, and therefore, if Upshur did not understand anything, or if he needed additional time to confer with counsel, he should inform the court. Counsel for Upshur stated the substance of the plea agreement on the record in Upshur's presence. Upshur had executed a written plea agreement, which was presented to the court. The agreement provided for Upshur to plead guilty to one count of second degree murder while armed, a lesser included offense of first degree, premeditated murder while armed as charged in the indictment, in exchange for the government dismissing the count charging the greater offense and related weapons offenses. The government reserved its right to allocute at Upshur's sentencing and to recommend an appropriate sentence.

The court conducted a thorough inquiry under Super. Ct.Crim. R. 11.[1] The court ascertained from Upshur directly that these terms were, in fact, those to which he had agreed. The court further explained that "[i]f it is not your agreement[,] it doesn't make any difference what they agree to." The court informed Upshur of his right to a trial by jury, the

---

1. Super. Ct.Crim. R. 11 provides in pertinent part as follows:

 (c) Advice to Defendant. Before accepting a plea of guilty or nolo contendere, the Court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the following:
 (1) The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by the law, if any, and the maximum possible penalty provided by law ...; and

 * * * * * *

 (3) That the defendant has the right to plead not guilty or to persist in that plea if it has already been made, the right to be

tried by a jury and at that trial the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, and the right against compelled self-incrimination; and ...

 * * * * * *

 (d) Insuring That the Plea is Voluntary. The Court shall not accept a plea of guilty ... without first, by addressing the defendant personally in open court, determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement. The Court shall also inquire as to whether the defendant's willingness to plead guilty or nolo contendere results from prior discussions between the prosecutor and the defendant or the defendant's attorney.

right against self-incrimination, to present witnesses in his own behalf, and the government's burden of proving the charges beyond a reasonable doubt if the case went to trial. The court also informed Upshur of the penalty for second degree murder while armed, including the mandatory five-year minimum. Upshur said that he was not under the influence of any drugs, alcohol or anything that would alter his judgment in any way. He denied that anyone had threatened him or forced him to enter the plea. Upshur said that he was satisfied with his attorney. He also signed a form waiving his right to a trial by the court or by a jury.

The government proffered to the court the evidence that it would present if the case had proceeded to trial. According to the government's proffer, on August 6, 1990 at about 10:00 p.m., a witness, who identified Upshur by name and from a photo array, stated that Upshur had approached and shot a taxicab driver, Rauf Asanti. Shortly after he was shot, Asanti informed the police that a black male had approached his cab and shot him. Asanti died a few days later as a result of the gunshot wounds. After being advised of his rights, Upshur confessed to the murder in a videotaped statement. Upshur acknowledged at the plea proceeding that the government's proffer was a correct statement of the facts. Before accepting the plea, the court inquired of Upshur whether there was "anything bothering [him] or anything [he] wanted to ask [the court] about." Upshur said "[n]o." The court stated that it was satisfied that there was a factual basis for the plea, that Upshur understood the proceedings and that he entered the plea voluntarily.

The trial court ordered a pre-sentence report and scheduled Upshur's sentencing for a later date. Thereafter, the court sentenced Upshur to a term of incarceration of fifteen years to life with a five year mandatory minimum, to run consecutive to any other sentence. In a motion for reduction of sentence, Upshur again ac-

knowledged his responsibility for the shooting, stating that, "I've ... realize[d] that my actions for taking the life of another human being was totally wrong, and I accept full responsibility for the injustice that was committed."

Almost two years after sentencing, Upshur filed a motion to withdraw his guilty plea or to vacate and set aside sentence and conviction for ineffective assistance of counsel. In his motion, Upshur claimed that he was denied effective assistance of counsel in that his attorney purposely misrepresented that his motion to suppress had been denied, informed him that he would be sentenced to a concurrent term of incarceration of ten to thirty years, neglected to inform him of the mandatory minimum penalty, and was not prepared. Upshur also claimed that he told his attorney that he planned to explain to the court the promises made to him by counsel and by the detective who took his statement, but the attorney admonished him not to do so or the court would not accept his plea. In his motion to withdraw guilty plea, Upshur claimed that he was denied effective assistance of counsel, and he challenged generally the adequacy of the Rule 11 inquiry. He also contended that the trial court failed to inform him of the mandatory minimum penalty and the elements of the offense. Finally, he contended that he was not competent to enter the plea because diagnostic testing had revealed that he was below average in abstract reasoning. In a carefully detailed written order, the trial court denied the motion without a hearing. On appeal, Upshur makes essentially the same arguments, which we reject with one exception. We conclude that a hearing was necessary to dispose fully of Upshur's claim of ineffective assistance of counsel.

## II.

■ Upshur filed his motion to withdraw guilty plea pursuant to D.C.Code § 23–110 (1996), authorizing a convicted

defendant to move to set aside a sentence,[2] and Super. Ct.Crim. R. 32(e),[3] governing motions to withdraw a guilty plea. "In order to prevail on a post-sentence motion either to withdraw a guilty plea under Super. Ct.Crim. R. 32(e), or to vacate sentence under D.C.Code § 23–110, appellant must show that he suffered 'manifest injustice,' and that the trial court's refusal to grant his motion was an abuse of discretion." *Eldridge v. United States,* 618 A.2d 690, 695 (D.C.1992) (citing *Goodall v. United States,* 584 A.2d 560, 562 n. 5 (D.C.1990) (citing *McClurkin v. United States,* 472 A.2d 1348, 1352 (D.C.), *cert. denied,* 469 U.S. 838, 105 S.Ct. 136, 83 L.Ed.2d 76 (1984)). With the exception of the trial court's failure to hold a hearing on one of Upshur's claims of ineffective assistance of counsel, we find no abuse of discretion in the trial court's denial of the motion.

First, we review briefly those claims which the trial court rejected quite properly. Upshur argues that the trial court erred in failing to apprise him of the applicable mandatory minimum sentence and elements of the offense of second degree murder. The transcript of the plea proceeding shows that the trial court informed Upshur directly of the penalty for second degree murder while armed, including the mandatory minimum. In response to a question from the court, Upshur acknowledged at that time that he understood the amount of time he was facing. Indeed, earlier in the proceeding, the prosecutor had informed the court of these penalties. Thus, Upshur's claim that he was not informed of the penalties he faced is belied by the record.

▮▮▮ Upshur argues that his plea was not voluntary because the trial court did not inform him of the elements of second degree murder. Relying on *Henderson v. Morgan,* 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976), Upshur contends that his plea was involuntary because he was not informed that an element of proof of second degree murder was that he committed the offense "without premeditated design and plan to effect death, but with malice aforethought." In *Henderson,* the Supreme Court held that a guilty plea is involuntary as a matter of due process when a defendant is not given "real notice of the true nature of the charge against him." *Id.* at 645, 96 S.Ct. 2253; *see also* Super. Ct.Crim. R. 11(c)(1) (requiring the court to address a defendant and inform him of the nature of the charge to which the plea will be taken before accepting the plea). However, *Henderson* does not always require that the trial court describe each of the technical elements of the offense. *McClurkin, supra,* 472 A.2d at 1355 (citing *Henderson,* 426 U.S. at 647 n. 18, 96 S.Ct. 2253). Rather, the court's determination of voluntariness of the plea for purposes of due process requires an examination of the totality of the circumstances, including " 'the complexity of the charges, the personal characteristics of the defendant, the defendant's familiarity with the criminal justice system, and the factual basis proffered to support the court's acceptance of the plea." ' *Johnson v. United States,* 631 A.2d 871, 875 (D.C.1993) (quoting *McClurkin,* 472 A.2d at 1356).

▮▮▮ Here, while the court did not recite the elements of the offense, Upshur

2. D.C.Code § 23–110(a) provides as follows:

 A prisoner in custody under sentence of the Superior Court claiming the right to be released upon the ground that (1) the sentence was imposed in violation of the Constitution of the United States or the laws of the District of Columbia, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, (4) the sentence is otherwise subject to collateral attack, may

move the court to vacate, set aside, or correct the sentence.

3. Super. Ct.Crim. R. 32 provides:
 (e) Withdrawal of Plea of Guilty. A motion to withdraw a plea of guilty or of nolo contendere may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice, the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw the plea.

was informed adequately of the substance of the offense.[4] *See Johnson, supra,* 631 A.2d at 876; *see also McClurkin, supra,* 472 A.2d at 1355. "The critical inquiry is whether a defendant has been apprised adequately of the substance of an offense, rather than of its formal legal components." *McClurkin,* 472 A.2d at 1356 (citing *Henderson, supra,* 426 U.S. at 644, 96 S.Ct. 2253) (other citation omitted). An explanation of each element of the offense is not the only method available to assure that a defendant has notice of the nature of the charges against him. *Id.* Among the other appropriate methods for assuring that a defendant receives notice of the charge is "a factual proffer by the government that the defendant had engaged in a course of conduct which constituted the offense charged or the unexplained element of the offense." *Id.* at 1356–57. Here, the government provided a detailed proffer which described the manner in which Upshur approached the taxi driver, spoke to him and then shot him with a gun he was carrying. Upshur agreed with the government's proffer. His agreement with the facts as stated by the government, which are recounted in part I of this opinion, show Upshur's admission to the manner of the shooting consistent with the elements of second degree murder. Ups-hur admitted that he spoke to the cab driver briefly and then shot him with a handgun he was carrying. We are satisfied that the trial court had an adequate basis to determine that Upshur understood the government's proffer and that the proffer included the nature of the offense of second degree murder while armed to which he entered the plea.

■ The factual basis for the plea was not complicated. Upshur, who was twenty-three years old, stated in his motion for reduction of sentence that he had completed a G.E.D. program and was enrolled in a higher education program at the University of the District of Columbia. He had prior experience with the criminal justice system, having entered a plea of guilty to robbery and two counts of assault with a dangerous weapon.[5] Further, the trial court had an adequate basis for concluding "that there was nothing in the record to suggest that [Upshur's] intelligence was so low as to preclude a rational discussion with either his attorney or the trial judge."[6] Considering the totality of the circumstances, the trial court had a substantial basis for determining that Upshur understood the nature of the charges against him and that the plea should not

4. The essential elements of second degree murder ... are:

 1. That the defendant caused the death of the decedent; and
 2. That, at the time the defendant did so, s/he had the specific intent to kill or seriously injure the decedent, or acted in conscious disregard of an extreme risk of death or serious bodily injury to the decedent.
 Second degree murder differs from first degree premeditated murder in that it does not require premeditation, deliberation or a specific intent to kill.
CRIMINAL JURY INSTRUCTIONS FOR THE DISTRICT OF COLUMBIA, NO. 4.17B (4TH ED.1993); *See generally, Comber v. United States,* 584 A.2d 26, 38–39 & 42 n. 19 (D.C.1990).

5. In the prior case, Upshur moved to set aside the conviction and withdraw his plea of guilty to the charges, and the trial court denied the motion. This court affirmed the trial court's ruling in an unpublished opinion in *Upshur v.* *United States,* No. 96–CO–423 (D.C. September 24, 1997).

6. Upshur makes a separate argument that a below average score on a test for abstract reasoning affected his competence to enter the guilty plea. We find no error in the trial court's determination that Upshur, who was questioned concerning his understanding of the proceedings, the nature of the plea and his rights, had failed to demonstrate that any inability shown by the test results overcame the record demonstration of his competence for purposes of entering the plea. *See Clyburn v. United States,* 381 A.2d 260, 262 (D.C. 1977), *cert. denied,* 435 U.S. 999, 98 S.Ct. 1656, 56 L.Ed.2d 90 (1978) (citing *Dusky v. United States,* 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960)) (competency standard for purposes of trial is that defendant have "sufficient present ability to consult with his lawyer" and to understand the nature of the proceedings against him.)

be set aside on that ground to prevent manifest injustice. *See McClurkin, supra,* 472 A.2d at 1352, 1357.

## III.

 Finally, Upshur argues that he was denied effective assistance of counsel in that his counsel misrepresented to him that his motion to suppress statements had been denied by the trial court and promised him that he would receive a sentence concurrent with his other sentences.[7] We dispose first of Upshur's claim that he was promised concurrent sentences. The promises made in exchange for Upshur's plea were explored fully on the record, and the trial court afforded him more than one opportunity to report anything bothering him or anything he wanted to ask at the time of the plea. Upshur said he had no questions, comments or challenge to the plea agreement as reported to the court. Rather, he waited for almost two years to make this claim, after his post-sentence acknowledgment of his remorse for committing the crime and denial of his motion to reduce sentence. The trial court determined Upshur's assertion to be incredible, given the record of the proceedings and his familiarity with the criminal justice system. We find no basis to disturb this ruling as it relates to his claim that he was promised concurrent sentences.

 However, Upshur's claim that his attorney misrepresented the disposition of his motion to suppress requires a hearing for proper resolution. Upshur had filed *pro se* a motion to suppress evidence. In the motion to suppress, Upshur contended that the statements he gave to the police concerning the crime were not voluntary because he had taken mind altering drugs and he was not advised of his *Miranda* rights.[8] Defense counsel filed a supplemental motion to suppress in which he alleged, among other things, that the police interrogated Upshur before advising him of his *Miranda* rights and that thereafter, they forced him to sign documents without reading them. Upshur argued in his motion to vacate the plea that he had been adamant about going to trial, but his attorney deceived him by informing him that the court had denied the motion and that he would receive a concurrent sentence. He also stated that the reason that he responded to the trial court's questions in the way that he did was because his attorney told him that if he did not, the court would not accept the plea. The trial court did not address in its order counsel's alleged misrepresentation concerning the outcome of his motion to suppress.[9]

 Where claims are made alleging ineffective assistance of counsel under D.C.Code § 23–110, there is a presumption in favor of a hearing when matters outside the record must be considered. *Ready v. United States,* 620 A.2d 233, 234 (D.C. 1993) (citing *Gaston v. United States,* 535 A.2d 893, 898 (D.C.1988)) (other citation omitted). Upshur's allegations concerning the attorney's alleged misrepresentations which purportedly induced him to alter his position and plead guilty are outside the record. Any determination of whether these circumstances occurred would require a hearing. Of course, no hearing would be necessary if the allegations, if

---

7. Upshur also stated in his motion that his attorney's preparation for his plea and sentencing deprived him of effective assistance of counsel. All of his arguments appear to be premised on counsel's alleged promises of a concurrent sentence and misrepresentation concerning the disposition of the motion to suppress which we consider here. To the extent that he makes any other claim concerning his attorney's lack of preparation, such claim is vague and conclusory and therefore, could be denied properly without a hearing. *See Spencer v. United States,* 688 A.2d

412, 420 (D.C.1997) (citing *Pettaway v. United States,* 390 A.2d 981, 984 (D.C.1978)).

8. *See Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

9. The trial court addressed adequately Upshur's claim that his attorney was unprepared for his plea acceptance and sentencing hearing and that he promised that Upshur would be given a concurrent sentence.

true, would not entitle the defendant to relief. *Id.* (citing *Ramsey v. United States,* 569 A.2d 142, 147 (D.C.1990)); *Gray v. United States,* 617 A.2d 521, 523 (D.C.1992). Therefore, we consider whether Upshur would be entitled to have the conviction set aside if his allegations were true.

■■■ Claims of ineffective assistance of counsel under § 23–110 are evaluated under the standard set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *see Tibbs v. United States,* 628 A.2d 638, 640 (D.C. 1993) (citation omitted); *Ready, supra,* 620 A.2d at 235 (citations omitted). This standard requires that a defendant show (1) "that counsel's performance was deficient," and (2) "that the deficient performance prejudiced the defense." *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052. A material misrepresentation about the disposition of a pretrial motion to suppress to a defendant considering the relative merits of accepting a plea or going to trial would be unreasonable under prevailing standards of attorney competency. *See (William D.) Hill v. United States,* 489 A.2d 1078, 1079 (D.C.1985), *cert. denied,* 476 U.S. 1119, 106 S.Ct. 1980, 90 L.Ed.2d 663 (1986) (citations omitted). This factor would be one essential to making an informed judgment about a plea offer. The failure of counsel to inform a client of facts material to his plea, if proven, might satisfy the standard necessary to vacate a plea. *Tollett v. Henderson,* 411 U.S. 258, 266–67, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). Therefore, we consider these allegations sufficient to support a claim of deficient representation.

■■■ Even if a defendant establishes that his attorney's representation was deficient, he must also prove that he was prejudiced as a result. *See Gray, supra,* 617 A.2d at 523 (citing *Strickland, supra,* 466 U.S. at 687, 694, 104 S.Ct. 2052; *Curry v. United States,* 498 A.2d 534, 540 (D.C. 1985)). In the context of the request to set aside conviction and withdraw guilty plea, the *Strickland* prejudice standard requires a showing "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." [10] *William Lloyd (Hill), supra* note 10, 474 U.S. at 59–60, 106 S.Ct. 366. The government contends that Upshur did not allege in his motion in the trial court that he would not have entered the plea had he known that the motion had not been denied, an omission it claims is fatal to Upshur's claim. Upshur's *pro se* motion to set aside conviction and withdraw guilty plea, although not in the precise form that an attorney might present, was sufficient to raise the issue of whether he would not have entered the plea had the alleged deception not occurred. Upshur stated in his motion that he was prepared to go to trial until his attorney informed him falsely that his motion to suppress had been denied, that he would receive a concurrent sentence if he pleaded guilty and that he must not inform the court of any promises. He stated that his attorney knew that he "was adamant in going to trial" and essentially, it was counsel's misrepresentations that persuaded him to enter the plea. From the standpoint of whether Upshur was entitled to a hearing, the motion was

---

10. This language should not be read in isolation. As the lengthy discussion in *(William Lloyd) Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) indicates, an assessment of constitutional prejudice may require an inquiry into the effect of the claimed error of counsel on an actual trial of the case. *(William Lloyd) Hill,* 474 U.S. at 59, 106 S.Ct. 366. In the case now before us, for example, if the motion to suppress would not in fact have been granted, the government may argue that counsel's alleged error would not

have prejudiced Upshur in fact in his determination to plead guilty. On the other hand, Upshur may argue that his counsel's deficient performance denied him the opportunity to negotiate a conditional plea of guilty with the government, reserving the right to appeal the denial of his motion. *See* Super. Ct.Crim. R. 11(a)(2). In the event the trial court reaches the second (or "prejudice") prong of *Strickland* on remand, it will have to deal with these issues.

clearly adequate to assert his claim of prejudice under the less stringent view of a prisoner's *pro se* pleading. *Hughes v. Rowe,* 449 U.S. 5, 9–10, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (citing *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)) (other citations omitted); *Cosgrove v. United States,* 411 A.2d 57, 58 (D.C.1980) (citing *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)).

Upshur's allegation presents a colorable claim that he would not have pleaded guilty absent the alleged deception concerning the disposition of the motion to suppress statements. According to the government's proffer, Upshur confessed to the murder in a videotaped statement. While the government might have been able to prove the case against Upshur without his confession, we can not reject out of hand the likelihood that Upshur would have considered the final determination of the admissibility of his confession against him as a critical factor in deciding to plead guilty. We express no opinion on the ultimate merits of Upshur's claim of ineffective assistance of counsel in this regard. We decide only that he is entitled to an evidentiary hearing to determine whether his attorney misrepresented the outcome of his pretrial motion, and thereby rendered deficient services which prejudiced Upshur.[11]

For the foregoing reasons, the case is remanded to the trial court for further proceedings consistent with this opinion.

*Remanded.*

11. The lapse of almost two years between the guilty plea and Upshur's assertion of this claim, while a factor the trial judge may consider in assessing the claim, is not reason enough to deny Upshur a hearing.