**Wayne P. THOMAS, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 00–CO–298.**

District of Columbia Court of Appeals.

Submitted Dec. 18, 2000.

Decided Jan. 25, 2001.

Wayne P. Thomas, pro se.

Wilma A. Lewis, United States Attorney, and John R. Fisher, Elizabeth Trosman, and Matthew E. Sloan, Assistant United States Attorneys, filed a brief for appellee.

Before STEADMAN, FARRELL, and GLICKMAN, Associate Judges.

FARRELL, Associate Judge:

Appellant challenges the validity of his 1989 guilty plea and conviction in Superior Court for attempted distribution of cocaine, despite the fact that his sentence for the crime—supervised probation—has expired. He argues that he remains in custody for purposes of D.C.Code § 23–110(a) (1996) (motion to vacate sentence) because the federal sentence he continues to serve was enhanced in some manner by his Superior Court conviction. We reserved the "in custody" issue in *Spencer v. United States,* 748 A.2d 940 (D.C.2000), on somewhat similar facts. We hold that the Superior Court lacked jurisdiction to entertain appellant's § 23–110 attack upon the 1989 conviction. Treating the motion alternatively as one to withdraw his guilty

plea under SUPER. CT. CR. R. 32(e), we reject it on the merits.

## I.

Following his 1989 plea of guilty to attempted distribution, appellant was placed on supervised probation for twenty-four months. The trial court subsequently changed the sentence to unsupervised probation for the remainder of the term. The parties agree that the probation expired in or around January 1992. Meanwhile in September 1991, on the basis of conduct transpiring that year, appellant was convicted of federal drug and firearms offenses in the United States District Court for the District of Maryland. He was sentenced to consecutive prison terms of 240 months for the aggregated drug offenses and 60 months for the firearms conviction, a sentence which he continues to serve. In October 1998, appellant filed a *pro se* motion in Superior Court pursuant to D.C.Code § 23–110, seeking to vacate his 1989 guilty plea. In this and two supplemental motions he asserted that the trial court had violated SUPER. CT. CR. R. 11 in accepting the plea and that his trial attorney had rendered ineffective assistance of counsel. The trial court denied the combined motions on the ground that appellant was no longer "in custody" for purposes of § 23–110, since his probationary sentence for the attempted distribution had expired; and the court therefore lacked jurisdiction to consider his claims.

## II.

■ Section 23–110(a) allows "[a] prisoner in custody under sentence of the Superior Court" to move to vacate his sentence on various grounds. Appellant concedes that the sentence imposed for his Superior Court conviction expired long ago. He argues, nonetheless, that he should be deemed to be "in custody" because the federal sentence he is currently serving was enhanced as a result of the Superior Court conviction. The government, for purposes of this motion

and appeal, concedes that appellant's federal sentence was enhanced in some manner by his Superior Court conviction.

In *Maleng v. Cook*, 490 U.S. 488, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989), the Supreme Court considered and rejected an argument similar to appellant's. Interpreting the "in custody" requirement of 28 U.S.C. § 2241(c)(3), the Court held that "once the sentence imposed for a [state] conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of [federal] habeas attack upon it." *Id.* at 492, 109 S.Ct. 1923. Such "collateral consequences" include the fact that the expired conviction "has been used to enhance the length of a current or future sentence imposed for a subsequent conviction." *Id.* at 491, 109 S.Ct. 1923. Mindful that this court "relies on federal cases interpreting the federal post conviction statute," *Spencer, supra,* 748 A.2d at 945 n. 3, we recognized in *Spencer* that *Maleng* "strong[ly] support[s]" rejection of a claim—such as appellant's—that subsequent collateral use of an expired conviction meets the in-custody requirement of § 23–110. *Id.* at 945. We did not, however, reach that issue of "first impression" in this jurisdiction, *id.*, but instead considered and rejected on the merits Spencer's challenge to his expired conviction. *Id.* at 946–49.

On the authority of *Maleng*, we hold expressly in this case that a prisoner who has fully served a Superior Court sentence is not "in custody" within the meaning of § 23–110 merely because that sentence has been used to enhance a sentence for a subsequent conviction. To meet the in-custody requirement of § 23–110, a prisoner must currently be serving or detained upon a sentence imposed by the Superior Court. That is the clear import of *Maleng*, which, after concluding that the prisoner-respondent was not "in custody" on his state sentence that had expired, held that he was in custody for habeas purposes by virtue of state sentences later imposed

which he had not begun to serve but for which a detainer had been lodged against him. 490 U.S. at 493–94, 109 S.Ct. 1923; *see also United States v. Clark,* 203 F.3d 358, 364 (5th Cir.2000) (citing federal cases permitting attack on expired sentence, under 28 U.S.C. §§ 2254 and 2255, "as long as the habeas relief sought is framed as an attack on a present sentence, as to which the prisoner is still 'in custody,'" rather than the expired conviction itself).[1] Appellant is presently in custody serving his federal sentences. However, neither § 23–110 nor any other provision of District of Columbia law authorizes the Superior Court to entertain an attack upon a federal sentence. Assuming appellant may challenge his federal sentence on the ground alleged, *but see* note 1, *supra,* that attack must be brought in the federal district court that imposed the sentence he is serving. *See* 28 U.S.C. § 2255 (first paragraph).

### III.

Although appellant styled the attack on his guilty plea a § 23–110 motion, it may also reasonably be viewed as a motion to withdraw the guilty plea under SUPER. CT. CR. R. 32(e). *See Johnson v. United States,* 633 A.2d 828, 831 (D.C.1993); *see also Maleng,* 490 U.S. at 493, 109 S.Ct. 1923 (construing prisoner's habeas petition "with the deference to which *pro se* litigants are entitled"). This raises initially the question of whether the in-custody requirement of § 23–110 pertains also to a Rule 32(e) motion. On its face the rule contains no such limitation; as relevant here, it provides simply that "to correct manifest injustice, the Court after sen-

tence may set aside the judgment of conviction and permit the defendant to withdraw the [guilty] plea." We have never had occasion to decide whether the rule provides an individual seeking to withdraw a guilty plea a benefit denied to all other convicted persons—*i.e.,* the right to seek vacatur of his conviction even though the sentence imposed thereon has expired. Case law elsewhere is exceedingly sparse on the subject. One older federal case appears to hold that then-FED. R.CRIM. PR. 32(d) was untethered by the in-custody requirement of 28 U.S.C. § 2255. *See United States v. Washington,* 341 F.2d 277, 280–81 (3rd Cir.1965) (whereas appellant's claim under § 2255 "became moot [when appellant completed his sentence]," it was "not moot under Rule 32(d) ... [because t]here is no ... time limitation within which to file a motion under that rule.")[2] On the other hand, given the obvious purpose of finality served by the in-custody requirement, one may reasonably ask why the framers of the rule would have extended that benefit to persons convicted following guilty pleas but not after trial when, as the Supreme Court has stated in another context, "the concern with finality served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas." *United States v. Timmreck,* 441 U.S. 780, 784, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979) (footnote omitted).

■ We find it unnecessary to decide the relationship between § 23–110 and Rule 32(e) in this regard, however, because we conclude that appellant's attack upon the validity of his guilty plea is unpersuasive in any case.[3]

1. Recently, however, the Supreme Court granted certiorari in *Lackawanna County, Pa., Dist. Atty. v. Coss,* No. 99–1884, — U.S. —, 121 S.Ct. 297, 148 L.Ed.2d 238 (Oct. 10, 2000), to consider the issue: "Does [the] custody requirement of [the] federal habeas corpus statute preclude, under all circumstances, [a] challenge upon [a] fully expired conviction that was used to enhance [a] current conviction under habeas attack and for which peti-

tioner is presently in custody." *See* 69 U.S.L.W. 3249, 121 S.Ct. 297, (Oct. 10, 2000).

2. The issue has not been a live one in the federal courts since 1983 when Rule 32 was amended to permit post-sentence vacatur of a guilty plea only on direct appeal or by motion under 28 U.S.C. § 2255.

3. This court may affirm for reasons other than those relied on by the trial court, at least

█ Rule 32(e), as indicated, permits relief only "to correct manifest injustice." *See Johnson v. United States,* 631 A.2d 871, 874 (D.C.1993) (movant must show "that the plea proceeding was fundamentally flawed such that there was a complete miscarriage of justice"). Appellant primarily argues that his attorney rendered ineffective assistance of counsel in advising him about various consequences of pleading guilty. Contrary to his first assertion, the attorney correctly advised him that the maximum prison sentence he could receive for the attempted distribution, at the time of appellant's offense, was twenty months to five years. Second, neither appellant's attorney nor the court was required to inform him of the potential "collateral consequence" that his conviction could be used to enhance a later sentence *should* he ever be convicted of another crime. *See Goodall v. United States,* 759 A.2d 1077, 1081 (D.C.2000); *Matos v. United States,* 631 A.2d 28, 31–32 (D.C. 1993). Third, while appellant contends that his attorney failed to investigate the case adequately before advising him on the advantages of a guilty plea, he alleges nothing specific as to what a better investigation might have yielded or how it likely would have produced an acquittal had he gone to trial. *See Southall v. United States,* 716 A.2d 183, 190 (D.C.1998); *Spencer v. United States,* 688 A.2d 412, 420 (D.C.1997).[4]

Appellant's further contention that his attorney told him he "would be able to [e]xpunge [his] criminal case once it was disposed of" is belied by his admission under oath that he knew he could be sentenced to prison for up to five years and that no extra-record promises had been made to him about what the court would do if he pled guilty. *See Blackledge, supra* note 4; *Smith v. United States,* 116 U.S.App. D.C. 404, 407–408, 324 F.2d 436, 439–40 (1963) (claim that counsel "led appellant to believe he would be granted probation and did not tell him he would be ineligible for parole" was "quite inadequate to amount to ... 'manifest injustice' "). Finally, his claim that his attorney failed to note a direct appeal despite appellant's having urged him to do so was not raised in the trial court, *see Southall,* 716 A.2d at 189, and fails to meet the miscarriage of justice standard since no grounds appear that would have justified withdrawal of the plea if raised on direct appeal.[5]

*Affirmed.*

---

when no additional factual issues remain to be resolved. *See Lewis v. United States,* 594 A.2d 542, 543 (D.C.1991). Although the decision whether to permit withdrawal under Rule 32(e) is committed to the discretion of the trial court, *Johnson,* 633 A.2d at 831, none of the grounds cited by appellant would have allowed withdrawal under a proper exercise of the court's discretion. *Cf. Johnson v. United States,* 398 A.2d 354, 364 (D.C.1979) (law as applied to facts may leave trial court with but one option it may choose without abusing its discretion).

4. Viewed from the standpoint of appellant's burden to demonstrate manifest injustice, his claim that his attorney "told him he had no choice but to plead guilty" fails because he alleges no facts whatsoever as to when or in what circumstances the statement was made. Moreover, the claim is contradicted by his "[s]olemn declarations" at the plea proceeding. *Blackledge v. Allison,* 431 U.S. 63, 74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977).

5. Appellant's claim that the trial judge did not comply with Rule 11 merely echoes in different dress the point, already rejected, that he was not advised of the potential use of his drug conviction to enhance a later sentence.