Rudolph V. NORRIS, Appellant,

v.

UNITED STATES, Appellee.

No. 04–CO–1640.

District of Columbia Court of Appeals.

Submitted Dec. 13, 2005.

Decided June 7, 2007.

Rudolph V. Norris, *pro se.*

Kenneth L. Wainstein, United States Attorney at the time the brief was filed, John R. Fisher, Assistant United States Attorney at the time the brief was filed, David B. Goodhand and Kathleen J. Monaghan, Assistant United States Attorneys, were on the brief for appellee.

Before GLICKMAN and KRAMER, Associate Judges, and STEADMAN, Senior Judge.

GLICKMAN, Associate Judge:

Rudolph V. Norris seeks to have his 1978 robbery conviction set aside in accordance with the Federal Youth Correction Act ("FYCA" or the "Youth Act"),[1] on the ground that he was unconditionally discharged from custody before his maximum sentence expired. Construing Norris's *pro se* pleading as either a claim for relief under D.C.Code § 23–110 (2001) or a habeas corpus petition under D.C.Code § 16–1901 (2001), the trial court dismissed the action without reaching the merits. We reverse the dismissal and remand for further proceedings.

### I.

Norris was convicted in 1978 of one count of robbery in the Superior Court for the District of Columbia. On May 24, 1978, he was committed under FYCA to the custody of the Attorney General for a maximum of six years pursuant to 18 U.S.C. §§ 5010(b) and 5017(c).[2] This sentence offered Norris the possibility of earning a "return-ticket" from his criminal conviction, *United States v. Robinson,* 232 U.S.App.D.C. 28, 30, 720 F.2d 203, 205 (1983), because 18 U.S.C. § 5021(a) provided that if Norris received an unconditional discharge before his maximum sentence expired, his conviction automatically would be "set aside" and he would be issued "a certificate to that effect." *See Dorszynski v. United States,* 418 U.S. 424, 435, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1974). "[T]he prospect of obtaining a certificate setting aside his conviction" was deemed "[a] particularly valuable benefit for the offender sentenced under" the FYCA. *Durst v. United States,* 434 U.S. 542, 548, 98 S.Ct.

---

1. On October 12, 1984, the Youth Act (18 U.S.C. §§ 5010–5026) was repealed by the Comprehensive Crime Control Act of 1984, Pub.L. No. 98–473, Title II, §§ 218(a)(8) & 235(a)(1)(A); 98 Stat.2027, 2031 (1984).

2. Norris's conviction was affirmed by this court in an unpublished decision.

849, 55 L.Ed.2d 14 (1978). The authority to discharge a youth offender sentenced under § 5010(b), and to issue the set-aside certificate, was lodged by the statute in the United States Parole Commission; however, for youths such as Norris, who were sentenced in Superior Court, that authority was delegated to the District of Columbia Parole Board. *See Boxley v. Rodgers,* 129 U.S.App.D.C. 408, 410 n. 3, 395 F.2d 631, 633 n. 3 (1968).

In 1992, years after he completed his Youth Act sentence, Norris was convicted of narcotics distribution offenses in both the Superior Court and the United States District Court for the District of Columbia. Based on his 1978 robbery conviction and his 1992 Superior Court conviction, the District Court found Norris to be a "career offender" under the United States Sentencing Guidelines and sentenced him to a thirty-year prison term. Norris is still incarcerated under that federal sentence.[3]

In 1998, Norris moved the Superior Court to set aside his twenty-year-old robbery conviction. Norris claimed that he had been discharged unconditionally before his six-year maximum sentence under 18 U.S.C. § 5010(b) had expired, but the Parole Board had not issued the certificate setting aside his conviction to which he was entitled under § 5021(a). (Not until his federal sentencing in 1992, Norris asserted, did he become aware that his robbery conviction was still on his record. Norris has not explained why he waited an additional six years to complain about it.) The Superior Court denied Norris's set-aside motion, and on March 3, 2000, this

court affirmed that denial in an unpublished decision, essentially on the ground that Norris had not yet exhausted his administrative remedies by requesting relief from the Parole Board. Our opinion, therefore, dismissed Norris's appeal "without prejudice to his seeking relief from the appropriate authority and subsequent judicial review of its action if necessary and proper." *Norris v. United States,* 791 A.2d 93 (D.C.2000) (*"Norris I "*).

On March 30, 2000, in compliance with our opinion in *Norris I,* Norris requested the United States Parole Commission to set aside his robbery conviction.[4] The Commission failed to respond, so on May 8, 2001, Norris sought judicial intervention, filing what he captioned a "Motion for a Writ of Habeas Corpus, Per § 23–110" in Superior Court. With its opposition to that motion, the government submitted an affidavit averring that "[n]either in the [United States Parole] Commission's own files and records, nor in the files and records transferred to the Commission from the D.C. Board of Parole, is there any indication of the existence of a D.C. Board of Parole or U.S. Parole Commission file concerning [Norris]." Once again the Superior Court denied relief and, on December 31, 2002, this court affirmed that denial and dismissed Norris's appeal in an unpublished opinion. We held that because Norris was no longer serving a sentence for his 1978 robbery conviction, he was no longer "in custody" for purposes of D.C.Code § 23–110.[5] *See Thomas v. United States,* 766 A.2d 50, 51 (D.C.2001) ("[A]

---

3. For his 1992 Superior Court conviction, Norris received a concurrent four-to-twelve year sentence, which he is no longer serving.

4. Pursuant to the National Capital Revitalization and Self–Government Improvement Act of 1997, Pub.L. No. 105–33, § 11231(a), 111 Stat. 712, 745, the D.C. Parole Board was abolished and its duties were assumed by the

United States Parole Commission. *See* D.C.Code § 24–131 (2001).

5. D.C.Code § 23–110(a) allows "[a] prisoner in custody under sentence of the Superior Court" to move to vacate his sentence on various grounds.

prisoner who has fully served a Superior Court sentence is not 'in custody' within the meaning of § 23–110 merely because that sentence has been used to enhance a sentence for a subsequent conviction."). Accordingly, we concluded, "because [Norris] filed his petition pursuant to § 23–110, neither the trial court nor this court has jurisdiction to entertain his claims." *Norris v. Simpson*, 814 A.2d 963 (D.C.2002) (*"Norris II "*).

A year after our decision in *Norris II*, in December 2003, Norris again requested the Parole Commission to set aside his 1978 robbery conviction pursuant to 18 U.S.C. § 5021. In a puzzling response, the Commission did not address Norris's 1978 conviction at all. Instead, claiming that it had retrieved Norris's file "from storage," the Commission stated that Norris was still on parole from a 1972 (*not* 1978) Youth Act sentence when he was convicted of burglary (*not* robbery) in 1979 (again, *not* 1978), at which point his parole was revoked and he was ordered to serve out his full Youth Act sentence (*i.e.,* he was not discharged before the expiration of his maximum term). (The letter did not explain how Norris was still on parole more than six years after his Youth Act sentence was imposed.) Norris contends that the Commission confused his criminal record with that of someone else; that contention remains unresolved, but on the sparse record before us, we think it may be plausible.

After he received the Parole Commission's response, Norris filed a *pro se* pleading in Superior Court, which he labeled a "Habeas Pitition [*sic* ] for Reconsider of Denial of Appeal from the Appeals Court of the District of Columbia Special Pro-

ceeding Section." The pleading named the Parole Commission, its chairman, and a commissioner as respondents, and asserted *inter alia* that Norris's 1978 robbery conviction was required to be set aside pursuant to 18 U.S.C. § 5021(a). In seeking to have the denials of his previous motions reversed and his conviction set aside, Norris explained that he needed the certificate contemplated by the Youth Act in order to apply for relief from his federal sentence, which had been enhanced on the basis of his 1978 conviction.[6]

The trial court disposed of Norris's petition without requesting a response from the government or setting the petition down for a hearing. The court held, first, that it had no jurisdiction to review this Court's decisions in *Norris I* and *Norris II. See* D.C.Code § 11–102 (2001). Second, construing the petition before it as a § 23–110 motion, the court denied it because Norris was not "in custody," *see Thomas, supra,* and because the motion was successive (§ 23–110(e) states that "[t]he court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner"). Third, construing Norris's pleading in the alternative as a petition for a writ of habeas corpus under D.C.Code § 16–1901 (2001), the court ruled that it lacked jurisdiction. Because Norris was incarcerated at the Federal Corrections Complex in Petersburg, Virginia, the court stated that he should have filed his habeas petition in the federal district court for the district in which Petersburg is located. *See Taylor v. Washington,* 808 A.2d 770, 772 (D.C. 2002) (holding that where a habeas petitioner is imprisoned outside the District of Columbia, the Superior Court cannot en-

---

6. The somewhat rambling and garbled pleading also argued (contrary to our holding in *Thomas, supra* ) that Norris met the "in custody" requirement of D.C.Code § 23–110 because his federal sentence had been enhanced on account of the Superior Court conviction; and that his 1978 robbery conviction had been expunged because the Parole Commission had destroyed his records.

tertain the petition because it does not have personal jurisdiction over the petitioner's custodian); *accord, Knight v. United States,* 892 A.2d 1096, 1098 (D.C. 2006); *United States v. Crockett,* 861 A.2d 604, 608 (D.C.2004).

This appeal followed.

## II.

 Shorn of considerable surplusage, Norris's core claim has been that the D.C. Board of Parole granted him an early unconditional discharge from his Youth Act sentence but neglected its concomitant duty to issue a certificate setting aside his conviction pursuant to 18 U.S.C. § 5021(a); and that the United States Parole Commission, as successor to the Board of Parole, is legally obligated to issue the certificate *nunc pro tunc.* Our decisions in *Norris I* and *Norris II* did not reject this core claim on its merits; to the contrary, *Norris I* contemplated that Norris could pursue the claim after he exhausted his administrative remedies by asking the Board or the Commission for relief. Norris's fulfillment of that precondition has not been challenged (though the government is not foreclosed from challenging it hereafter).

 Because Norris's goal is to have his 1978 robbery conviction set aside, it might be assumed that he must file either a § 23–110 petition or a habeas corpus petition. But that assumption overlooks the limited purposes of § 23–110 and habeas corpus and the true nature of Norris's claim. Section 23–110 and habeas corpus are designed to permit challenges to unlawful custody. *See Thomas,* 766 A.2d at 51 ("Section 23–110(a) allows '[a] prisoner in custody under sentence of the Superior Court' to move to vacate his sentence on various grounds."); D.C.Code § 16–

1901(a) (authorizing petition for writ of habeas corpus by "[a] person committed, detained, confined, or restrained from his lawful liberty within the District"); *Preiser v. Rodriguez,* 411 U.S. 475, 486 n. 7, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) (recognizing "the traditional meaning and purpose of habeas corpus—to effect release from illegal custody," and holding that the writ of habeas corpus is the sole federal remedy available for challenging the fact or duration of confinement under state law). Once a prisoner's sentence has completely expired, the collateral consequences of a conviction are not sufficient to render the former prisoner "in custody" for purposes of either § 23–110 or habeas corpus. *Thomas,* 766 A.2d at 51 (citing *Maleng v. Cook,* 490 U.S. 488, 492, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989)).

Norris is not seeking to challenge his custody under his Youth Act sentence. By definition, his right under 18 U.S.C. § 5021(a) to a certificate setting aside his conviction arose only upon his unconditional discharge from that sentence, *i.e.,* only when his custody was over. The certificate therefore could have no possible effect, direct or indirect, on the duration of Norris's custody under the Youth Act.[7] Nor, as the government points out, would setting aside Norris's 1978 robbery conviction necessarily result in reducing the duration of his current federal confinement. *See United States v. Levi,* 310 U.S.App. D.C. 152, 156, 45 F.3d 453, 457 (1995) (holding that a set aside FYCA conviction was properly considered in calculating a defendant's sentence under the Sentencing Guidelines); *United States v. Culbreath,* 914 F.2d 1492 (4th Cir.1990) (same); *Barnes v. United States,* 529 A.2d 284, 288–89 (D.C.1987) (holding that a conviction set aside pursuant to 18 U.S.C.

---

7. *Cf. Heck v. Humphrey,* 512 U.S. 477, 486– 87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

§ 5021(a) may be considered by the court in sentencing the defendant for a subsequent offense). Consequently, neither a § 23–110 motion nor a habeas corpus petition could ever be the proper procedural vehicle to enforce Norris's right to a certificate under § 5021(a); it would be nonsensical to say that a right belonging only to persons not in custody can be enforced only by persons in custody. The government does not contend, and we have no reason to suppose, that a youth offender's legal right to a certificate under § 5021(a) is not enforceable at all, so it must be enforceable through some other procedural mechanism better adapted to the purpose.

▬▬ In seeking a court order requiring the Parole Commission to issue a set-aside certificate, Norris is essentially requesting the Superior Court to provide equitable relief. We think that his *pro se* petition should be so construed.[8] Seen in that light, and focusing on its factual allegations rather than its legal characterizations and conclusions, the petition possibly might be viewed as stating a claim under 42 U.S.C. § 1983. *See Settles v. United States Parole Comm'n,* 368 U.S.App.D.C. 297, 303, 429 F.3d 1098, 1104 (2005) (confirming that "a cause of action under § 1983 will lie against the individual members of the Commission when acting pursuant to the Revitalization Act § 11231"). Alternatively, the petition might be viewed as appealing to the Superior Court's general equity jurisdiction under D.C.Code

§ 11–921(a) (2001), which presumptively extends to claims for equitable relief from allegedly unlawful actions by public officials. *See Martin v. District of Columbia Courts,* 753 A.2d 987, 991 (D.C.2000); *District of Columbia v. Sierra Club,* 670 A.2d 354, 357–59 (D.C.1996). Norris's petition is analogous to a complaint seeking the sealing of arrest records, which the Superior Court has equitable authority to grant when "necessary and appropriate in order to preserve basic legal rights." *Rezvan v. District of Columbia,* 582 A.2d 937, 938 (D.C.1990) (internal quotation marks and citation omitted).

Although the government has not (yet) raised the point, we acknowledge that the United States Parole Commission itself may have sovereign immunity from Norris's action, which would deprive the Superior Court of subject matter jurisdiction over his claim against the Commission. *See Settles,* 368 U.S.App. D.C. at 304–05, 429 F.3d at 1105–06 (holding that Commission's sovereign immunity bars a § 1983 claim against it, even if it was acting as the successor to the D.C. Parole Board). Norris also named individual members of the Commission in his suit, however, and it is not clear that the Superior Court lacks jurisdiction of his claim as to them. The government has not argued that the Superior Court is not the proper forum in which to resolve Norris's claim on the merits. There may be jurisdictional and other barriers to Norris's action in Superior Court, but given that neither the trial

---

8. Petitioner's complaint, like most prisoner complaints ... was not prepared by counsel. It is settled law that the allegations of such a complaint, however inartfully pleaded are held to less stringent standards than formal pleadings drafted by lawyers. Such a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. And, of course, the allegations of the complaint are generally taken as true for purposes of a motion to dismiss.
*Hughes v. Rowe,* 449 U.S. 5, 9–10, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (internal quotation marks and citations omitted). We have cited this passage in *Hughes* with approval; *see, e.g., Upshur v. United States,* 742 A.2d 887, 896 (D.C.1999); *Vaughn v. United States,* 579 A.2d 170, 172 (D.C.1990); *Johnson–El v. District of Columbia,* 579 A.2d 163, 166 (D.C. 1990).

court nor the parties have yet raised or confronted such questions, we decline to address them in the first instance in this opinion.[9]

Accordingly, we reverse and remand for further proceedings because Norris's *pro se* pleading should not have been construed as a habeas petition or § 23–110 motion. It goes without saying that the merits of Norris's claim remain to be established. The government does not concede that Norris was discharged unconditionally prior to the expiration of his maximum sentence, and it argues that he has not made a sufficient record to establish his claim.[10] The government may well be correct, but the Superior Court did not reach the merits and we consider it premature for us to address them at this time. Similarly, as Norris's action sounds in equity, the government may have equitable (or other) defenses. Laches, in particular, comes to mind, as Norris waited nearly two decades before asserting that he should have been issued a certificate setting aside his 1978 robbery conviction, and his Parole Board records may have been lost in the interim. Again, however, we consider it premature to address the merits at this juncture.

*Reversed and remanded.*

---

9. Similarly, we express no opinion as to whether Norris would be able, or would be better advised, to pursue relief in federal court.

10. As the moving party, Norris bears the burden of establishing the truth of his claim that he received an early unconditional discharge entitling him to a set-aside certificate. *See Parke v. Raley,* 506 U.S. 20, 32, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992).