George **WILLIAMS**, Petitioner–Appellant,

v.

Ernest **EDWARDS**, Respondent–Appellee.

Docket No. 97–2359

United States Court of Appeals, Second Circuit.

Argued: Oct. 12, 1999

Decided: Oct. 25, 1999

Andrew D. Greene, Lake Success, New York, for Petitioner–Appellant.

Joseph M. Latino, Assistant District Attorney, Westchester County (Jeanine Pirro, District Attorney, Richard E. Weill, Second Deputy District Attorney, of counsel), White Plains, New York, for Respondent–Appellee.

Before: WINTER, Chief Judge, NEWMAN, Circuit Judge, and KEENAN,* District Judge.

PER CURIAM:

George Williams appeals from Judge Parker's order dismissing his *pro se* habeas corpus petition for lack of subject matter jurisdiction. Appellant's habeas petition challenged a prior state conviction, for which the sentence had already expired. The district court determined that there was no jurisdiction because appellant was not "in custody" under the challenged conviction, as required by *Maleng v. Cook*, 490 U.S. 488, 491–92, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989).

 On January 8, 1999, we granted appellant's motion for a certificate of appealability. On appeal, Williams argues that because his current sentence was enhanced by his allegedly unconstitutional prior conviction, there is subject matter jurisdiction. The district court correctly observed that a petitioner is not deemed " 'in custody' under a conviction after the sentence imposed for it has fully expired." *Maleng*, 490 U.S. at 492–93, 109 S.Ct. 1923; *see also* 28 U.S.C. §§ 2241(c), 2254(a). However, "the 'in custody' requirement for federal habeas jurisdiction" is satisfied when a *pro se* petition, liberally construed, "can be read as asserting a challenge to [a current] sentence[ ], as enhanced by [an] allegedly invalid prior conviction," *Maleng*, 490 U.S. at 493–94, 109 S.Ct. 1923. Appellant is currently incarcerated in New York under a state manslaughter conviction entered pursuant to a plea agreement, and appellee concedes

that appellant's allegedly invalid prior conviction "form[ed] the legal basis for the current enhanced sentence." Because appellant's petition makes sense only as "an attempt to end or reduce his current incarceration," *Malik v. Brennan*, No. 93 Civ. 7861(DC), 1995 WL 510047, at *2 (S.D.N.Y. Aug.29, 1995), we remand to the district court to permit appellant to amend his petition to challenge explicitly his current sentence's allegedly illegal enhancement, *see Taylor v. Armontrout*, 877 F.2d 726, 727 (8th Cir.1989).

We do not address the merits of appellant's petition.

---

* The Honorable John F. Keenan, of the United States District Court for the Southern District of New York, sitting by designation.