Steven SPENCER, Appellant,

v.

UNITED STATES, Appellee.

Nos. 93–CM–1184, 95–CO–254, 96–CO–1971.

District of Columbia Court of Appeals.

Submitted Sept. 1, 1999.
Decided April 13, 2000.

Billy L. Ponds, Washington, DC, was on the brief for appellant.

Wilma A. Lewis, United States Attorney, with whom John R. Fisher, Elizabeth Trosman, Carolyn Kolben, and Michael G. Geffroy, Assistant United States Attorneys, were on the brief, for appellee.

Before FARRELL, Associate Judge, and MACK and BELSON, Senior Judges.

BELSON, Senior Judge:

Steven Spencer appeals from his conviction by jury for possession of cocaine [1] and from the trial court's denial of his motion to vacate his conviction filed pursuant to D.C.Code § 23–110 (1996 Repl.). The trial court denied Spencer's § 23–110 motion on the ground that the court was without authority to entertain the motion because Spencer was no longer in custody and, additionally, on its merits. In these appeals Spencer contends: (1) he was denied his Sixth Amendment right to effective assistance of counsel; (2) the trial court erred in denying his § 23–110 motion without a hearing; and (3) the trial court erred in deeming that the defense was ready for trial. We need not rule on the question of the effect of appellant's custody status upon his ability to invoke § 23–110, as we uphold the trial court's alternative ruling, on the assumption that it could entertain the motion, that the motion was lacking in merit. We also reject appellant's argument that the trial court erred in requiring the case to go forward to trial.

## I.

The government adduced evidence that Metropolitan Police Department Officer Gavin Morrison observed an unknown individual who was standing outside a brown four-door Chevrolet take a ziplock bag out of his pocket and hand it to Eric Wilkins in exchange for money. Wilkins then entered the front passenger's side of the car while Tahjon Spencer ("Tahjon") entered the back seat.[2] Appellant was already in the driver's seat.

Officer Morrison drove Officers James Towne and Tonce Cutler in his unmarked police car up to the brown Chevrolet and all three exited the vehicle. While Officer Morrison attempted unsuccessfully to apprehend the individual who sold the ziplock bag, Officers Towne and Cutler removed appellant and Wilkins from the car.

Officer Towne asked appellant to put his hands on the vehicle. Officer Towne testified that appellant instead put his hands in his pocket, removed a ziplock bag, and dropped it on the ground. When appellant then put his hands on the car, he attempted to kick the bag under the car. Officer Towne handcuffed appellant and recovered the bag. The bag contained a white rock-like substance that tested positive for cocaine. In the meantime, Officer Cutler recovered drugs from Wilkins and Officer Morrison recovered marijuana from Tahjon.

Appellant did not testify in his own defense. Wilkins, testifying for appellant, stated that Tahjon, after "fumbling with something in the back seat" threw something out of the window when the police officers removed appellant and Wilkins from the front seat. Wilkins testified that he did not see appellant reach into his pockets. The jury found Spencer guilty as charged.

## II.

The nature of the appellant's arguments requires us to describe in some detail what happened when the case came on for trial. This matter was initially set for trial on

---

1. D.C.Code § 33–541(d) (1998 Repl.).

2. Because Tahjon Spencer has the same last name as appellant, we will refer to him as "Tahjon."

December 1, 1992, and then continued to March 8, 1993. Defense counsel subpoenaed Tahjon, appellant's seventeen-year-old nephew, and Tahjon appeared on those prior occasions. The trial court was unable to hear the case at that time and the case was continued. On June 29, 1993, both parties initially represented to the court that they were ready to proceed to trial. Even though defense counsel announced that he was ready, he also told the court that he wished to call Tahjon, but Tahjon had not appeared and had apparently absconded from a drug program. Counsel could offer no substantial excuse for not having filed a motion for a continuance, and after much discussion the judge deemed the defense ready to proceed. Nonetheless, the court granted a one day continuance to allow the defense to locate Tahjon.

On June 30, 1993, defense counsel indicated that a defense investigator had located Tahjon on the previous day, but could not serve him with a subpoena due to the intervention of three possibly armed bodyguards. The investigator spoke from a distance, informing Tahjon of the court date, and Tahjon did not reply, but two of the three men surrounding him placed their hands in their pants is if they were reaching for weapons, which trial counsel took to mean that Tahjon "had no intentions of showing up."

The court asked counsel if he had information that could be provided to the Marshals Service on the whereabouts of Tahjon, and counsel responded that he did and would provide it to the marshals. The court issued a bench warrant to be executed forthwith. The court placed the case on the list of matters ready to be certified to other judges for trial, but granted a continuance until the next day in order to allow the marshals to execute the warrant. The case was again continued to July 1, 1993. Following certification to another judge and jury selection, the case was once more continued until the next day. After the government presented its case, defense counsel moved for a recess until July 6, 1993, which the court granted.

On July 6, 1993, the court heard testimony from Deputy Marshal William Penn. He testified concerning the considerable efforts made in an attempt to secure the attendance of Tahjon. Despite investigating several locations, the marshals had proven unable to locate Tahjon. The court concluded that reasonable efforts had been made to secure Tahjon's attendance, and that further delay would not increase the likelihood that he would appear. The defense then presented its case, seven days after the trial court determined that the case was ready for trial. The jury convicted Spencer on July 7, 1993.

On May 14, 1994, appellant filed a motion for a new trial based on the assertion that he had newly discovered evidence. Appellant based this motion upon the affidavit of Tahjon Spencer which states in relevant part, "When I saw the officers approaching, I dropped a rock of crack cocaine beside the driver's side of the car my uncle was driving.... When Steven Spencer was removed from the car, the rock of crack cocaine was a few feet away from him, on the ground.... I informed the officers who were arresting us that the rock of crack cocaine for which they were arresting Steven Spencer actually belonged to me.... I am willing to testify in Steven Spencer's behalf in the event of a new trial." On February 16, 1995, the trial court denied the motion because this information was not "newly discovered," but rather had been the reason "that both defense counsel and the Court took great pains to procure his presence at trial." *See Wright v. United States,* 387 A.2d 582, 587 (D.C.1978). Alternatively, the trial court denied the motion because the evidence was not likely to produce an acquittal at a new trial. *See id.* The court found the following:

First, during the course of the trial defendant was fully able to put forward, through another witness, the defense theory that Tahjon Spencer, not the de-

fendant, was the individual who possessed the cocaine for which defendant was arrested, and had thrown it from the car; however, the jury rejected defendant's theory and this Court cannot find that Tahjon Spencer's personal testimony would probably produce an acquittal. As mentioned above, defense witness Eric Wilkins, the other passenger in the car, testified and contradicted the government witnesses' testimony, stating that he saw Tahjon Spencer fumbling with something in the back seat, and then saw him throw a rock out of the driver's side window. He also testified that from the time he was removed from the vehicle to the time when he saw the ziplock on the ground, he was able to see the defendant's hands and never saw him reach into his pocket. Indeed, it is noteworthy that Tahjon Spencer's testimony would be merely cumulative, considering the similarity between the trial testimony of Mr. Wilkins, and Tahjon Spencer's affidavit.

*United States v. Spencer,* No. M10306–92 (D.C.Super.Ct. February 16, 1995) (order denying motion for new trial at 9–10). Spencer appealed that ruling (95–CO–254), but does not make any argument in this court regarding newly discovered evidence. Thus, any error in the ruling appealed from in case number 95–CO–254 is waived, and the order below will be affirmed.

On July 5, 1995, appellant filed his § 23–110 motion alleging ineffective assistance of trial counsel alleging that trial counsel (1) had failed to conduct pretrial investigations and more specifically that he (2) failed to investigate whether Tahjon pleaded guilty to "possession of the same drugs that Steven Spencer [was convicted of] possessing in this case," that he (3) failed to file a motion for continuance and (4) that he failed to serve Tahjon with a subpoena. The government responded that (1) appellant had suffered no prejudice from counsel's failure to file a motion for continuance because the trial court granted an extended defense continuance, and

additionally utilized the court's resources to search for Tahjon; (2) trial counsel was not deficient for his failure to subpoena Tahjon because Tahjon had appeared previously pursuant to a subpoena on an earlier trial date for this case, and thus counsel had no reason to anticipate Tahjon's failure to appear; (3) there was no merit to appellant's claim that counsel failed to conduct a pretrial investigation regarding Tahjon's role, as shown by the fact that counsel submitted an affidavit stating Tahjon's expected testimony before trial commenced, and arranged his presence on a previous trial date; (4) trial counsel's representation had not been shown to have been deficient in that counsel failed to present evidence that Tahjon pleaded guilty to possessing the same drugs attributed to Spencer because there was no such evidence in the record, drugs were recovered from Tahjon at the scene of the arrest, and the government witnesses connected the drugs directly to Spencer; and (5) in any event, Spencer was not prejudiced by his counsel's asserted shortcomings.

On November 25, 1996, the trial court issued a show cause order questioning its "authority to address" the motion because Spencer had completed his sentence in this case on May 20, 1994. In response to the show cause order, Spencer argued that his conviction in this case was the predicate for revocations of his probation in case numbers F–11839–90 and F–4603–91. Over two months after Spencer had completed his sentence in this case, on July 25, 1994, Judge Queen ordered Spencer to serve eight to twenty-four years in the former case and, on March 1, 1995, Judge Walton ordered Spencer to serve three to nine years and five years probation in the latter case. Spencer does not contend that he was, in fact, in custody in the case now on appeal when he filed his § 23–110 motion. On December 17, 1996, the trial court denied the motion without a hearing, stating that it was undisputed that appellant's sentence had expired in 1994 (before the motion to vacate had been filed) and

that appellant therefore was no longer in custody for the conviction in question and could not seek relief under § 23–110. The court also expressed its agreement with the substantive grounds for denying relief set forth in the government's responsive pleadings—essentially that petitioner's showing did not meet the standards of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

## III.

Appellant seeks reversal of the denial of his § 23–110 motion, arguing that his sentence should be vacated for ineffective assistance of trial counsel because defense counsel failed to locate and interview Tahjon prior to trial, failed to subpoena Tahjon, and did not seek a continuance once Tahjon failed to appear at trial. As a consequence, appellant asserts his trial defense was deprived of Tahjon's testimony that the drugs appellant was convicted of possessing actually belonged to Tahjon.

The first of the two alternative grounds the trial court stated for denying appellant's relief was that the court was without authority to grant relief under § 23–110 because the appellant was not "a prisoner in custody under sentence of the Superior Court," D.C.Code § 23–110(a), when he filed his motion. This ground presents issues of first impression in this jurisdiction that we need not decide in this case because the court's denial of relief is sustainable on the alternative ground relied upon by the court. Because these issues will recur, we observe that the court's conclusion that appellant was not "in custody" on the challenged conviction, even though he was imprisoned as a result of two revocations of probation predicated on that conviction, finds strong support in

*Maleng v. Cook*, 490 U.S. 488, 492, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989).[3]

But that conclusion, it appears, does not end the necessary inquiry. The trial court may be required under such circumstances to go on to decide (1) whether it has the authority to entertain the motion because of appellant's ongoing custody in the two cases in which probation revocation was predicated on the challenged conviction. *See Maleng*, 490 U.S. at 494, 109 S.Ct. 1923, and *Tredway v. Farley*, 35 F.3d 288, 292 (7th Cir.1994) (finding § 2254 custody when petitioner incarcerated for state sentence enhanced by prior state sentences, explaining that "because a person currently serving a sentence that was enhanced on the basis of a prior conviction is still in custody, he may challenge the enhancing conviction as constitutionally invalid even though that prior conviction's custodial term has expired," quoting *Smith v. Farley*, 25 F.3d 1363, 1365–66 (7th Cir.1994)); (2) whether it should treat the motion as though filed in the cases in which appellant was actually in custody, *Herbst v. Scott*, 42 F.3d 902, 905 (5th Cir.), *cert. denied*, 515 U.S. 1148, 115 S.Ct. 2590, 132 L.Ed.2d 838 (1995) ("A habeas petitioner may attack a prior conviction used to enhance his punishment .... The [§ 2254] jurisdictional requirement of 'in custody' is satisfied by reading the petition as a challenge to the current conviction.") (citations omitted); or (3) whether it should deny the motion expressly without prejudice to appellant's seeking relief in the cases in which he is in custody. *See Taylor v. Armontrout*, 877 F.2d 726, 726–27 (8th Cir.1989) (*per curiam*) (§ 2254 motion on expired conviction dismissed for lack of jurisdiction, without prejudice to challenge to current enhanced sentence).

---

**3.** In interpreting § 23–110 this court relies on federal cases interpreting the federal post conviction statute because § 23–110 was patterned after 28 U.S.C. § 2255, and § 23–110 is nearly identical to, and is the functional equivalent of, the federal statute. *Peoples v. Roach*, 669 A.2d 700, 702 (D.C.1995); *Butler v. United States*, 388 A.2d 883, 886 n. 5 (D.C.

1978). Moreover, § 2255 "mirror[s] § 2254 in operative effect." *Davis v. United States*, 417 U.S. 333, 344, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974). Thus, federal cases arising under § 2254 as well as § 2255 guide us in considering the requirement of "custody" as a basis for exercising authority under § 23–110.

· Furthermore, if appellant's request for relief is deemed to be based on ongoing custody in the cases for which he is incarcerated, or is entertained in the revocation cases, the court must consider the question, left open in *Maleng,* but resolved since in many federal circuits, whether to permit a petitioner to attack the underlying conviction *"in the context of"* an attack upon a sentence enhanced or reinstated upon revocation of probation due to the underlying conviction.[4] As these issues were not briefed, we do not decide them but instead note their complexity and pass on to the trial court's alternative basis for decision.

We conclude that appellant's motion was properly denied because appellant cannot show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Hockman v. United States,* 517 A.2d 44, 51 (D.C.1986) (quoting *Strickland, supra,* 466 U.S. at 694, 104 S.Ct. 2052).

■■■ In order to prevail on an ineffectiveness claim, appellant must prove both

---

**4.** *Brock v. Weston,* 31 F.3d 887, 890 (9th Cir. 1994) (finding § 2254 custody when *pro se* petitioner committed pursuant to Washington Sexually Violent Predators Act based in part on prior expired conviction; "district court should have liberally construed [petition] as an attack on [prior conviction] *in the context of* an attack on the [current] commitment" (emphasis in original)). *Maleng* "express[ed] no view on the extent to which the [expired] conviction itself may be subject to challenge in the attack upon the [current] sentences which it was used to enhance." *Id.* 490 U.S. at 494, 109 S.Ct. 1923. *See Gavin v. Wells,* 914 F.2d 97, 98 (6th Cir.1990) (noting that *Maleng* left open the question of jurisdiction to consider this type of challenge). "Courts of Appeals have uniformly answered that question in the affirmative: as long as the habeas relief sought is framed as an attack on the present sentences, as to which the prisoner is still 'in custody,' then the expired sentence used to enhance that sentence may be challenged." *United States v. Clark,* 203 F.3d 358, 2000 U.S.App. LEXIS 1669 (3rd Cir. 2000) (citations omitted). *See Williams v. Edwards,* 195 F.3d 95 (2nd Cir.1999) (*per curiam* ) (finding § 2254 custody "because [petitioner's] current sentence was enhanced by his allegedly unconstitutional prior conviction; *pro se* petitioner to be permitted on remand to amend petition to challenge explicitly his current illegal sentence enhancement"); *Young v. Vaughn,* 83 F.3d 72, 75–76 (3rd Cir.1996) (finding § 2254 custody because petitioner incarcerated for probation revocation, when predicate sentence fully served) (citing *Clark v. Pennsylvania,* 892 F.2d 1142, 1143 n. 2 & 1145 (3rd Cir.1989), *cert. denied sub nom., Castille v. Clark,* 496 U.S. 942, 110 S.Ct. 3229, 110 L.Ed.2d 675 (1990)); *Herbst, supra,* 42 F.3d at 905; *Tredway, supra,* 35· F.3d at 292; *Brock, supra* note 4, 31 F.3d at 890; *Collins v. Hesse,* 957 F.2d 746, 748 (10th Cir.1992) (finding § 2254 custody when serving sentence enhanced by expired sentences) (citing *Gamble v. Parsons,* 898 F.2d 117, 118 (10th Cir.), *cert. denied,* 498 U.S. 879, 111 S.Ct. 212, 112 L.Ed.2d 172 (1990)); *Lowery v. United States,* 956 F.2d 227, 229 (11th Cir.1992) (§ 2254 appropriate remedy to challenge expired state conviction that enhanced current sentence); *Feldman v. Perrill,* 902 F.2d 1445, (9th Cir.1990) (custody satisfied when petitioner was serving federal sentence enhanced due to a state conviction, either through liberal reading of § 2254 motion or pursuant to § 2255 motion).

Most of the cases that found that petitioner was not in custody for federal habeas purposes involve instances where the original enhancing conviction had expired and the petitioner did not attack either an enhanced state sentence under § 2254 or an enhanced federal sentence under § 2255. *See Pleasant v. Texas,* 134 F.3d 1256, 1257–58 (5th Cir. 1998) (§ 2254 motion dismissed for lack of jurisdiction because appellant in federal rather than state custody, even though state sentence enhanced federal sentence; suggested filing § 2255 motion); *Taylor, supra,* 877 F.2d at 726–27.

In one case, the court simply affirmed the denial of the petition without referring to the possibility of mounting a separate federal habeas challenge to the underlying conviction. *Lewis v. United States,* 902 F.2d 576, 577 (7th Cir.1990) (remedy for correcting error in expired federal conviction was not § 2255 motion, but writ of error *coram nobis,* even though petitioner was serving a state sentence enhanced by the expired conviction); *see also United States v. Hansen,* 906 F.Supp. 688 (D.D.C.1995) (petitioner not "in custody" for § 2255 purposes even though actually serving sentence enhanced as result of challenged original conviction; portion of relief requested granted under *coram nobis,* court noting that petitioner may seek additional relief requested by application under § 2255 to federal district court that imposed enhanced sentence).

that his counsel's performance was deficient and that counsel's deficiency so prejudiced appellant that he was deprived of a fair trial. *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052. A court need not address both components of the inquiry if appellant makes an insufficient showing on one of the components. *Id.* at 697, 104 S.Ct. 2052.

Appellant asserts that there was a continuum of occurrences, allegedly culminating in Tahjon's failure to testify, regarding which counsel's effectiveness should be weighed: (1) trial counsel did not attempt to interview Tahjon prior to trial;[5] (2) trial counsel did not attempt in advance of trial to subpoena Tahjon to appear on the June 29, 1993 trial date; and (3) trial counsel did not move for a continuance when Tahjon failed to appear on June 29, 1993. We may assume for purposes of discussion that trial counsel's performance was deficient at each of these points, and consider whether appellant suffered any prejudice. *See Frederick v. United States,* 741 A.2d 427, 439 (D.C.1999) ("The failure to make proper pretrial investigation, to interview exculpatory witnesses, and to present their testimony, constitutes constitutional ineffectiveness." (citing *Byrd v. United States,* 614 A.2d 25, 30 (D.C. 1992))).

■ Any failure to interview Tahjon had no impact on the outcome of this case. This was not a matter where a possibly exculpatory witness was ignored by counsel. Counsel believed that he knew what Tahjon would say, set it forth in an affidavit signed before the trial actually began, and planned to call him as a defense witness. Appellant does not argue, nor does the record reflect, that trial counsel made a half-hearted effort to have Tahjon testify, but would have acted differently had he interviewed Tahjon. Trial counsel approached putting on Tahjon as a witness just as if Tahjon had been interviewed. This is unlike the situation in *Miller v. United States,* 479 A.2d 862, 871 (D.C. 1984), when we noted: "If appellant was under a misapprehension as to how [a witness] would testify and if his decision to go to trial without [that witness'] presence was based on such a misapprehension, appellant was prejudiced by counsel's failure to interview [that witness]." Here, counsel had Tahjon present on the previous trial dates, and he intended to call him at trial. Thus, appellant suffered no prejudice for trial counsel's failure to interview Tahjon.

■ Any failure to attempt to subpoena Tahjon similarly had no impact on the outcome of this case. When Tahjon failed to appear for trial and was believed by trial counsel to have absconded from a drug program, a defense investigator attempted to serve Tahjon with a subpoena that very day. The investigator located Tahjon, and approached him. Then three possibly armed men intervened, and prevented the investigator from serving the subpoena. Nonetheless, the investigator was able to inform Tahjon of the trial date, and Tahjon's silence, emphasized by his bodyguards, indicated that he would not appear at trial. After this encounter, the trial judge arranged to have the United States Marshals Service attempt to locate and serve Tahjon, and they spent two days attempting, unsuccessfully, to serve him. Under these circumstances, trial counsel certainly attempted to serve Tahjon, albeit belatedly. Nothing suggests that any prior efforts at serving the subpoena would have made any difference. Nor do these circumstances indicate that Tahjon would have appeared had he been served. While Tahjon did indicate in his post trial affidavit that he would testify at a new trial, the

5. The record is unclear on this point. Even though counsel successfully arranged for Tahjon's presence on the preceding trial date, and knew the substance of his expected testimony, as reflected in trial counsel's Affidavit of Materiality filed on June 30, 1993, it is not possible to rule out the possibility that there was no interview without holding a hearing on the § 23–110 motion. We assume *arguendo* that trial counsel did not interview Tahjon pretrial.

relevant question is whether Tahjon would have testified at the trial that commenced on July 2, 1993, had he been served. His actions indicated otherwise. Thus, appellant suffered no prejudice from trial counsel's failure to attempt to serve Tahjon with a subpoena. *Cf. Sykes v. United States,* 585 A.2d 1335, 1338 (D.C.1991) ("If it is improbable that [a witness] would have provided exculpatory testimony, ... then it is likewise improbable that an attempt by trial counsel to interview her or to call her as a witness would have changed the result of the trial.") (citation omitted).

■ Finally, appellant suffered no prejudice for trial counsel's failure to request a continuance on the day of trial. The trial court in fact granted several continuances in order to give the defense investigator and the United States Marshals Service the opportunity to serve Tahjon. The court heard testimony that despite the marshals' extensive efforts over a period of several days, they were unable to subpoena Tahjon to attend trial. Thus, we are unconvinced that appellant suffered any prejudice from trial counsel's failure to make earlier efforts to secure Tahjon's presence.

■ An additional weakness in appellant's effort to demonstrate prejudice is that even if Tahjon had testified, it is not reasonably probable that it would have made a difference. Trial counsel presented to the jury, through witness Wilkins, the theory that the cocaine belonged to Tahjon rather than appellant. Indeed, the trial court granted appellant a jury instruction on that issue. Thus, as the trial court indicated in its ruling on the motion for new trial, Tahjon's testimony would have been cumulative. Therefore, Tahjon's absence did not force appellant to choose between testifying himself or presenting no defense. *See Byrd,* 614 A.2d at 30–31 ("[C]ounsel's failure to present these defense witnesses also left Byrd with a dilemma of either testifying (and thus effectively disclosing his prior convictions to the jury) or remaining silent and leaving the prosecution case uncontradicted.") Moreover, Tahjon's credibility would have been tainted by his own criminal behavior, his relationship to his uncle, the appellant, and the fact that he would have exposed himself to no jeopardy by accepting the blame for appellant because he had already pleaded guilty in juvenile court to possessing those drugs in connection with the same incident.[6] The situation is to be contrasted with the circumstances in *Frederick,* 741 A.2d at 439, where we observed: "[A]ll those who heard [the witness'] account—the police, prosecutors, judge and jury—evidently credited it. Under these circumstances, we conclude as a matter of law Frederick has made a sufficient showing of prejudice." Finally, Tahjon's testimony would have been directly contradicted by Officer Towne's testimony that he saw appellant remove the ziplock bag from his pocket, drop it on the ground, and attempt to kick it under the car.

■ Appellant also contends the trial court erred in denying his § 23–110 motion without a hearing. There is a presumption in favor of holding a hearing on a § 23–110 motion alleging ineffective assistance of counsel that requires an inquiry into matters outside the record. *Ready v. United States,* 620 A.2d 233, 234 (D.C.1993) (citations omitted). However, where the motion may be "resolved on the basis of the available record," the trial court may rule on the motion without holding an evidentiary hearing. D.C.Code § 23–110; *Tibbs v. United States,* 628 A.2d 638, 640 (D.C. 1993). In this case, as our discussion has

---

**6.** In addition, we note that the trial court indicated that its review of the record in Tahjon's juvenile proceeding indicated that different drugs were involved, and this was corroborated by police officer testimony that Tahjon was arrested for possession of marijuana, not cocaine. Two of the ways that trial counsel could have investigated this issue were (1) to interview Tahjon, discussed *infra,* or (2) to check the juvenile records, which, in essence, trial counsel did by asking the court to review them *in camera.*

demonstrated, appellant's contentions could be "resolved on the basis of the available record," and therefore no hearing was required.

### IV.

On direct appeal, appellant contends that the trial court erred in proceeding with trial when a "crucial" defense witness had not been secured. We have described the several continuances the trial court gave to afford appellant the opportunity to have Tahjon present at trial, and the extensive efforts made by both the defense and the United States Marshals Service to secure his attendance. We are satisfied that appellant has not shown that the presence of the witness could probably have been obtained if a further continuance had been granted. *See Bedney v. United States,* 684 A.2d 759, 766 (D.C. 1996). The court carried the matter over for seven days before the defense had to go forward. Under the circumstances, the decision to proceed with trial was not an abuse of discretion. *See Moctar v. United States,* 718 A.2d 1063, 1065 (D.C.1998).

Accordingly, the judgment and orders on appeal are

*Affirmed.*