Charles B. MCLAURIN Plaintiff,

v.

NEW ROCHELLE POLICE OFFI-CERS; P. Kornas; L. Falcone; B. Fagan; Det. D. Lornegan; Lynch; Lore; Fattah; Martinez; Kamau; Conca; Navarette; O. Moretti; the City of New Rochelle; Dominic Procopio; Patricia Anderson; Timothy Idoni; Mayor City of New Rochelle; the County of Westchester; L. Spano, Westchester County Clerk, Defendants.

No. 03–CIV–10037 (CM).

United States District Court, S.D. New York.

March 9, 2005.

Charles B. McLaurin, New Rochelle, NY, Pro se.

Lalit K. Loomba, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, White Plains, NY.

Attn: Christy D'Alessio, Esq., Office of the Westchester County Attorney, White Plains, NY.

Lisa Ghartey, Office of the Attorney General of the State of NY, New York, NY.

## DECISION AND ORDER GRANTING MOTIONS TO DISMISS OF DEFENDANTS L. SPANO AND PATRICIA ANDERSON

MCMAHON, District Judge.

Pro se plaintiff Charles B. McLaurin brings an action pursuant to 42 U.S.C. § 1983 alleging that defendants, Westchester County Clerk Leonard N. Spano and New Rochelle Public Library Director Patricia Anderson, violated his federally protected rights. The plaintiff seeks recovery of an unspecified amount of monetary damages.

### BACKGROUND

On August 6, 2001, after his shift at the New Rochelle Public Library, an ex-girlfriend of the plaintiff came to his apartment to make dinner for him. The plaintiff claims that upon her arrival at approximately 9:00 pm, the two got into a verbal argument. (Am.Cplt.¶ 3). The plaintiff alleges that his ex-girlfriend, Annette DeQuatro, refused to leave and became physically violent. The plaintiff did not want to call the police because he was on parole and would have to report any police contact. (Am.Cplt.¶ 3).

DeQuatro called the New Rochelle Police Department. Thirty minutes after the call was placed, two New Rochelle police officers arrived at the plaintiff's apartment. Plaintiff told the police to leave the apartment, "the person that called them was behind the doorway and they could talk with [Ms. DeQuatro] in the hallway." (Am.Cplt.¶ 4). The police proceeded to enter the home of the plaintiff and search the premises. The plaintiff alleges that a struggle ensued between him and the two police officers. (Am.Cplt.¶ 4). Plaintiff alleges that the police officers hit him "in the back of [his] head, neck shoulders and back as hard as [they] could with a metal

nightstick." (Am.Cplt.¶ 4). The police officers then radioed for backup and the plaintiff was subsequently placed under arrest.

Plaintiff was indicted on three counts of assault in the second degree; two counts of criminal possession of a weapon in the third degree; one count of assault in the third degree; one count of resisting arrest; and one count of obstructing governmental administration in the second degree. (Indictment No. 01–1057). A jury found the plaintiff guilty of one count of assault in the third degree.

Plaintiff alleges that, as a result of the August 6 arrest, he has been targeted by both the New Rochelle Police Department and the City of New Rochelle. (Am. Cplt.¶ 7). He alleges the two groups have sought to "destroy [him] economically," by causing (1) his motorcycle to be taken from a New Rochelle municipal lot and sold without notice, (2) loss of his job as a clerk at the New Rochelle Public Library, and (3) a subsequent arrest for allegedly sending Ms. DeQuatro three emails. (Am. Cplt.¶ 9).

Plaintiff alleges that the named defendants conspired to violate his civil rights. He seeks an unspecified amount in damages for false arrest; abuse of process and malicious prosecution. (Am.Cplt.¶ 12).

Westchester County Clerk Leonard N. Spano, (hereinafter County Clerk Spano) named as State defendant, moves to dismiss the complaint on two grounds: 1) failure to state a claim upon which relief can be granted; and 2) Eleventh Amendment immunity, which bars an action for damages against County Clerk Spano in his official capacity. New Rochelle Public Library Director Patricia Anderson (hereinafter Anderson), moves to dismiss the complaint on grounds that the plaintiff does not allege or provide any evidence of an attempt to seek any pre- or post-deprivation remedy available to him under Article 78.

## STANDARD OF REVIEW

Dismissal of a complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) is proper where "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Harris v. City of New York,* 186 F.3d 243, 247 (2d Cir.1999). The test is not whether Plaintiff is ultimately likely to prevail, but whether he is entitled to offer evidence to support his claims. *Chance v. Armstrong,* 143 F.3d 698, 701 (2d Cir.1998). The court assumes that all factual allegations in the complaint are true, and draws all reasonable inferences in Plaintiff's favor. *EEOC v. Staten Island Sav. Bank,* 207 F.3d 144 (2d Cir.2000). Moreover, when the complainant is proceeding pro se, the court must construe the pleadings liberally. *See Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by 'lawyers.'" *Id.* At 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

## DISCUSSION

I. *Plaintiff's Section 1983 Claim And Conspiracy Claim Are Dismissed Against Defendant Leonard N. Spano For Lack Of Any Evidence Of Personal Involvement*

▪ "In order to state a cognizable claim under Section 1983, [plaintiff] must allege conduct under color of state law that deprived him of rights secured by the Constitution or laws of the United States." *Katz v. Klehammer,* 902 F.2d 204, 206.

*See Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). Plaintiff's complaint alleges that named defendants conspired to violate his civil rights. "Personal involvement" of a named defendant in a § 1983 action of alleged constitutional depravation is a prerequisite to an award of damages. *Wright v. Smith,* 21 F.3d 496, 501 (2d Cir.1994). Under § 1983 only a defendant who personally subjects, or causes to be subjected, any person to the deprivation of any federal right will be held liable. 42 U.S.C. § 1983. A showing of some personal responsibility is necessary. *Id.* The four ways in which a defendant may be found to have been "personally involved" in a constitutional deprivation under § 1983 include 1) direct participation in the infraction; 2) failure to remedy a wrong after learning of the violation; 3) creating or allowing a policy to continue under which the violation occurred; or 4) been grossly negligent in managing the subordinates who caused the unlawful condition or event. *Williams v. Smith,* 781 F.2d 319 (2d Cir.1986). The allegation that a named defendant merely had the right to control without showing that the defendant exerted such control is not sufficient to support a § 1983 action. *Anderson v. Sullivan,* 702 F.Supp. 424 (S.D.N.Y.1988).

■ The plaintiff's amended complaint alleges a conspiracy by the City of New Rochelle and New Rochelle Police Department. The plaintiff asserts the two groups are "seeking to destroy [him] economically." (Am.Cplt.¶ 7). He states that there is an "unstated policy of the City of New Rochelle, anyone that attacks a police officer 'crosses the line' and is unfit to live in the City and every means necessary may be employed to accomplish said individual's removal from the City." (Am.Cplt.¶ 8). In addition, the plaintiff alleges a policy by the two groups that "allow[s] or encour-age[s] police officers to physically, mentally and legally abuse men of color that date European (white) women." (Am. Cplt. ¶ 6). The plaintiff alleges, in conclusory fashion, that Spano's failure to turn over the *Sandoval* hearing transcripts was part of an "ongoing coordinated conspiracy to violate [his] civil rights." (Am.Cplt.¶ 10).

■ The plaintiff does not plead any facts tending to show that County Clerk Spano was "personally involved" in any conspiracy in New Rochelle to violate his civil rights. Assuming arguendo that Spano failed to turn over the Sandoval transcript, that is not, in and of itself, an actionable matter. Plaintiff does not allege any facts tending to show how this alleged failure relates to either the conspiracy or to the alleged "policy" of New Rochellean independent municipal corporation for whom Spano does not work and to whom he has no responsibility. Complaints containing only conclusory, vague, or general allegations of a conspiracy to deprive a person of constitutional rights will be dismissed. *Ostrer v. Aronwald,* 567 F.2d 551, 553 (2d Cir.1977). "Diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct." *Id.*

Plaintiff has already had one opportunity—provided by Chief Judge Mukasey—to amend his complaint. He was supposed to submit an amended complaint thirty nine days before he actually did so. Per Judge Mukasey's order, his action was subject to dismissal more than three months before he amended his pleading. I have elected not to dismiss the amended complaint on that basis, but instead to consider plaintiff's amendment on its merits. It fails. Plaintiff is not entitled to a third bit at the apple. His Claim against Clerk Spano is dismissed with prejudice.

II. *Plaintiff's § 1983 Claim Against Defendant Patricia Anderson Is Dismissed For Failure To Challenge His Employment Termination Under CPLR Article 78*

■ The State of New York provides a dismissed municipal employee the opportunity to challenge his termination as arbitrary and capricious pursuant to CPLR Article 78. Availability of Article 78 proceedings under New York law bars a municipal employee from maintaining § 1983 procedural due process claim. *Ryan v. Carroll,* 67 F.Supp.2d 356, 361 (S.D.N.Y. 1999). *See also* 42 U.S.C. § 1983; N.Y. McKinney's CPLR 7801. The availability of adequate post-deprivation procedure pursuant to an Article 78 means that there has been no constitutional violation. *Ryan v. Carroll,* 67 F.Supp.2d at 360. *See Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420; *HANAC v. City of New York,* 101 F.3d 877, 882 (2d Cir.1996).

■ The plaintiff has not alleged that he timely pursued a remedy pursuant to Article 78 against Anderson for the loss of his job at the library. Nor could he timely allege his Article 78 claim in this Court, since more than four months passed between the date of the adverse employment action and the filing of this action. The failure to pursue an available Article 78 proceeding under New York law bars the plaintiff, a municipal employee, from succeeding on his § 1983 due process claim. *Ryan v. Carroll,* supra, 67 F.Supp.2d at 361.

Thus, Anderson's motion to dismiss is granted and the claim against her dismissed with prejudice.

This constitutes the decision and order of the Court on the Spano and Anderson motions. The remaining motions to dismiss, which were filed later than these two, will be decided in short order.