Charles B. MCLAURIN, Plaintiff,

v.

NEW ROCHELLE POLICE OFFI-CERS; P. Kornas; L. Falcone; B. Fagan; Det. D. Lornegan; Lynch; Lore; Fattah; Martinez; Kamau; Conca; Navarette; O. Moretti; the City of New Rochelle; Dominic Procopio; Patricia Anderson; Timothy Idoni; Mayor City of New Rochelle; the County of Westchester; L. Spano, Westchester County Clerk, Defendants.

No. 03 CIV. 10037(CM).

United States District Court,
S.D. New York.

July 20, 2005.

Charles B. McLaurin, New Rochelle, NY, pro se.

**DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

MCMAHON, District Judge.

*Pro se* plaintiff, Charles McLaurin, brings this action under 42 U.S.C. § 1983

alleging that the defendant, Dina Lynn Moretti, violated his federally protected rights. Plaintiff's complaint stems from his arrest on September 28, 2002 on charges of criminal contempt for violating an order of protection. Plaintiff claims his arrest was wrongful. Defendant moved to dismiss the claim against her pursuant to Rule 12(b)(6) (failure to state a claim) on November 19, 2004. Because defendant included and addressed information and documents not included in the original complaint, I converted this motion to one for summary judgment and gave plaintiff forty-five days to respond. Having received plaintiff's response, I now grant the defendant's motion for summary judgment for the reasons set forth below.

## Facts

The Court will assume familiarity with the facts leading up to this, the fourth incarnation of this case. The prior cases in this matter are *McLaurin v. New Rochelle Police Officers,* 363 F.Supp.2d 574, (S.D.N.Y.2005) (hereinafter, *"McLaurin I "*), *McLaurin v. New Rochelle Police Officers,* 368 F.Supp.2d 289, (S.D.N.Y.2005) (hereinafter, *"McLaurin II "*), *McLaurin v. New Rochelle Police Officers,* 373 F.Supp.2d 385 (S.D.N.Y.2005) (hereinafter, *"McLaurin III "*). For a full recitation of the facts see McLaurin III.

The undisputed facts relevant to the present matter are as follows:

On September 28, 2002, Annette DeQuatro ("DeQuatro") filed a sworn complaint with the New Rochelle Police Department. *See* Defendant's Notice of Motion for Judgment on the Pleadings on the Grounds of Qualified Immunity and for Failure to State a Claim, attached as Exhibit F (submitted January 19, 2005) ("Defense Exhibit F"). The complaint alleged that plaintiff was threatening and harassing DeQuatro via telephone and email as well as breaking an Order of Protection by contacting DeQuatro's son and offering him a ride to school. *See id.* Moretti then viewed the emails that were sent to DeQuatro. *See id.*

Moretti verified the existence of an Order of Protection forbidding plaintiff from contacting DeQuatro or her family. *See* Plaintiff's Response to This Court's Order to Show that Defendant Moretti Lacked Probable Cause to Effectuate the September 28, 2002 Arrest at 3 ("Plaintiff's Response"). Soon thereafter, Moretti arrested Plaintiff on September 28, 2002.

## Standards for Summary Judgement

A party is entitled to summary judgment when there is no "genuine issue of material fact" and the undisputed facts warrant judgment for the moving party as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In addressing a motion for summary judgment, the court must view the evidence in the light most favorable to the party against whom summary judgment is sought and must draw all reasonable inferences in its favor. *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Whether any disputed issue of fact exists is for the Court to determine. *Balderman v. United States Veterans Admin.,* 870 F.2d 57, 60 (2d Cir.1989). The moving party has the initial burden of demonstrating the absence of a disputed issue of material fact. *Celotex v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once such a showing has been made, the non-moving party must present "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). The party opposing summary judgment "may not rely on conclusory allegations or unsubstantiated speculation." *Scotto v. Almenas,* 143 F.3d 105, 114 (2d Cir.1998). Moreover, not every disputed

factual issue is material in light of the substantive law that governs the case. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505. Finally, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586, 106 S.Ct. 1348. To withstand a summary judgment motion, sufficient evidence must exist upon which a reasonable jury could return a verdict for the nonmovant.

**Discussion**

An officer is entitled to qualified immunity from suit for damages on a claim for false arrest if either "(a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met." *Golino v. City of New Haven*, 950 F.2d 864, 870 (2d Cir.1991), *cert. denied sub nom., Lillis v. Golino*, 505 U.S. 1221, 112 S.Ct. 3032, 120 L.Ed.2d 902 (1992). Probable cause exists "when the arresting officer has knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested." *Singer v. Fulton County Sheriff*, 63 F.3d 110, 119 (2d Cir. 1995) (citation and internal quotation marks omitted).

Officer Moretti claims she had probable cause to arrest plaintiff. She claims probable cause was formed on the basis of the sworn complaint filed by DeQuatro which alleged plaintiff was harassing her via telephone and email, as well as breaking the Order of Protection by speaking with her son. Moretti was aware of the contents of the complaint and verified the existence of an Order of Protection restraining plaintiff's contact with DeQuatro prior to arresting plaintiff. *See* Defense Exhibit F.

Plaintiff argues that the allegations levied by DeQuatro in her complaint are all false and, therefore, Moretti lacked the probable cause necessary to allow a warrantless arrest. Plaintiff is effectively asserting that Moretti should have recognized that circumstances existed that should have raised doubt as to the victim's veracity.

■ Plaintiff claims he never had contact with DeQuatro's son nor did he send DeQuarto emails. Although plaintiff does not specifically deny making the harassing telephone calls as DeQuatro alleged, it shall be assumed, as is in line with the rest of his arguments, that plaintiff maintains he never made such calls.[1] Plaintiff explains in his Summary Judgment Response how emails can be made to look as if they were sent from someone other than the actual sender. Plaintiff contends this is what occurred in the present instance and Moretti should never have assumed he sent the threatening emails to DeQuatro. Plaintiff does not inform the court as to why Moretti should not have believed the allegations regarding the telephone calls and his contact with DeQuarto's son.

Whether plaintiff actually engaged in any of the alleged conduct is of no moment to this Court regarding the present matter. All that is at issue is whether Moretti had probable cause to arrest him. *See Golino v. City of New Haven, supra*, 950 F.2d at 870.

■ " 'An arresting officer advised of a crime by a person who claims to be the victim, and who has signed a complaint or

---

1. Courts are required to construe pleadings by *pro se* plaintiff's liberally. *See Williams v.*

*Edwards*, 195 F.3d 95, 96 (2d Cir.1999) (per curiam).

information charging someone with the crime, has probable cause to effect an arrest absent circumstances that raise doubts as to the victim's veracity.'" *Fulton v. Robinson,* 289 F.3d 188, 195 (2d. Cir.2002) (quoting *Singer,* 63 F.3d at 118); *see also Martinez v. Simonetti,* 202 F.3d 625, 634 (2d Cir.2000). Moretti acted based on a sworn complaint that alleged several crimes against plaintiff. Before Moretti arrested plaintiff, she first verified the existence of an Order of Protection and reviewed the alleged threatening emails sent to DeQuatro.

Plaintiff argues Moretti should have recognized the emails to be fakes, sent by someone else under plaintiff's email address. The law, however, does not require Moretti to be an expert nor that Moretti investigate every potential explanation or scenario as plaintiff seems to argue. *See Ricciuti v. New York City Transit Auth.,* 124 F.3d 123, 128 (2d Cir.1997) (holding "police are not required to explore and eliminate every potentially plausible claim of innocence as part of their pre-arrest investigation"). All the law requires is that an officer have "knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested." *O'Neill v. Town of Babylon,* 986 F.2d 646, 650 (2d Cir.1993). Defendant saw the emails sent to DeQuatro. A reasonable person could conclude that they had originated from plaintiff's computer, given the sender's email address. Thus, Moretti had reasonably trustworthy information that plaintiff sent DeQuatro threatening emails. Furthermore, she had no reason to disbelieve the sworn complaint alleging that plaintiff made threatening phone calls and contacted her son. Officer Moretti had probable cause to arrest plaintiff when she received information that would cause a reasonable police officer to believe a crime had or was going to occur. *See id.; see also Golino v. City of New Haven, supra,* 950 F.2d at 870; *Singer, supra,* 63 F.3d at 119

Because it was objectively reasonable for Officer Moretti to believe that probable cause existed to arrest plaintiff, Officer Moretti is entitled to qualified immunity. Therefore, Officer Morretti's motion for summary judgment is granted.

This constitutes the decision and order of the Court.