**Ramon VALDEZ, Petitioner,**

v.

**William F. HULIHAN, Respondent.**

**No. 09 Civ. 1519(VM).**

United States District Court,
S.D. New York.

Aug. 5, 2009.

Ramon Valdez, River Road Marcy, NY, pro se.

Leilani Julia Rodriguez, Office of the New York State Attorney General, Assistant Attorney General, New York, NY, for Respondent.

## *DECISION AND ORDER*

VICTOR MARRERO, District Judge.

Pro se petitioner Ramon Valdez ("Valdez") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (" § 2254"). In opposition to Valdez's petition, respondent William F. Hulihan argues that Valdez was not "in custody" at the time he filed his petition, as required by § 2254.

■ After a jury found Valdez guilty of Grand Larceny in the Fourth Degree, in violation of New York Penal Law

§ 155.30(5), the New York State Supreme Court, New York County, entered a Judgment of Conviction on May 8, 2001, sentencing him to an indeterminate term of imprisonment of two to four years. Valdez was released to the New York State Division of Parole on June 2, 2006, and his maximum sentence expired on December 24, 2006. The New York State Supreme Court, Appellate Division, First Department, affirmed the judgment of conviction on June 17, 2008, *see People v. Valdez*, 53 A.D.3d 172, 861 N.Y.S.2d 288 (App. Div. 1st Dep't 2008), and the New York State Court of Appeals denied Valdez's application for leave to appeal on October 31, 2008, *see People v. Valdez*, 11 N.Y.3d 836, 868 N.Y.S.2d 610, 897 N.E.2d 1094 (N.Y. 2008) (Table). Valdez is currently incarcerated at the Mid–State Correctional Facility in Marcy, New York, on an unrelated auto-stripping charge for which he was convicted and sentenced in 2007.

Pursuant to § 2254(a), a district court may entertain a prisoner's petition for a writ of habeas corpus "only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). Courts have construed the term "in custody" liberally to extend beyond physical incarceration; it has been interpreted to include individuals who, at the time of the filing of the petition, were on parole, *see Jones v. Cunningham*, 371 U.S. 236, 243, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963), supervised release, *see Scanio v. United States*, 37 F.3d 858, 860 (2d Cir. 1994), and bail, *see Hensley v. Municipal Court*, 411 U.S. 345, 349, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973). *See Carafas v. LaVallee*, 391 U.S. 234, 238, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968) ("The federal habeas corpus statute requires that the applicant must be 'in custody' when the application for habeas corpus *is filed*." (emphasis added)).

■ However, once a sentence has been completely served and thus expired, an individual is no longer "in custody" under that conviction, even when the possibility exists that the conviction may be used to enhance a future sentence. The Supreme Court addressed this precise issue in *Maleng v. Cook:*

> The question presented by this case is whether a habeas petitioner remains "in custody" under a conviction after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted. We hold that he does not. While we have very liberally construed the "in custody" requirement for purposes of federal habeas, we have never extended it to the situation where a habeas petitioner suffers no present restraint from a conviction.

490 U.S. 488, 492, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989); *see also Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 403–04, 121 S.Ct. 1567, 149 L.Ed.2d 608 (2001) ("If [a prior] conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.").

Valdez was paroled from prison on June 2, 2006 and his maximum sentence, including parole, expired on December 24, 2006. Valdez filed this petition on December 16, 2008, almost two years after the sentence at issue fully expired. Thus, Valdez was no longer "in custody" at the time he filed his petition, and the Court must dismiss the petition for lack of jurisdiction.

While Valdez is currently incarcerated on an unrelated offense, such incarceration

has no effect on his challenge to his 2001 conviction. He is not attacking a consecutive sentence, nor did the earlier conviction delay his current sentence. In short, the two sentences are entirely unrelated; the first sentence fully expired before his second sentence commenced in 2007. *See, e.g., Dei v. New York State Attorney Gen.,* No. 04–CV–416, 2007 WL 4264584, at *2 (W.D.N.Y. Nov.30, 2007) ("[E]ven where the petitioner continues to be incarcerated on an unrelated conviction at the time of filing, the 'in custody' requirement is not satisfied where the sentence for the challenged conviction has been fully served."); *Whaley v. Graham,* No. 06–CV–3021, 2007 WL 708796, at *2 (E.D.N.Y. Mar. 6, 2007); *Tafari v. Unger,* No. 05–CV–5843, 2006 WL 3490343, at *1 (E.D.N.Y. Dec.5, 2006); *accord Myers v. Smith,* 444 F.2d 75, 77 (2d Cir.1971) (finding that 28 U.S.C. § 2241 petitioner was not "in custody" where, "while serving an unrelated sentence, he attacks an earlier conviction for which he has served out his full sentence and has been unconditionally released from custody").

■ While a petitioner's serving an unrelated sentence does not alone satisfy the "in custody" requirement for challenging a prior conviction, the Second Circuit has held that the "in custody" requirement is satisfied "when a pro se petition, liberally construed, 'can be read as asserting a challenge to [a current] sentence [ ], as enhanced by [an] allegedly invalid prior conviction.'" *Williams v. Edwards,* 195 F.3d 95, 96 (2d Cir.1999) (*quoting Maleng,* 490 U.S. at 493–94, 109 S.Ct. 1923); *see also*

*Coss,* 532 U.S. at 401–02, 121 S.Ct. 1567 (2001) ("Like the respondent in *Maleng,* Coss' § 2254 petition can be (and has been) construed as 'asserting a challenge to the [1990] senten[ce]', as enhanced by the allegedly invalid prior [1986] conviction."). However, the Court may consider such a petition only if the petitioner argues that his current sentence was enhanced on the basis of a prior conviction that was obtained under one of three narrow conditions: (1) there was a failure to appoint counsel; (2) a state court unjustifiably refused to rule on a constitutional claim that had been properly presented; or (3) the petitioner presents compelling evidence of actual innocence. *See id.* at 403–04, 121 S.Ct. 1567 (failure to appoint counsel in violation of the Sixth Amendment); *id.* at 405–06, 121 S.Ct. 1567 (refusal to rule on a properly presented constitutional claim and compelling evidence of actual innocence).[1]

In this case, Valdez's petition, even when liberally construed, does not assert a challenge to his 2007 sentence as enhanced by his 2001 conviction. First, Valdez's petition offers no indication that he is in any way challenging his current sentence. *See, e.g., Thrower v. New York,* No. 08 Civ. 4901, 2008 WL 5333469, at *1 (E.D.N.Y. Dec.19, 2008). Second, even if there were an indication that Valdez intended to challenge his current sentence, the Court may not consider such a request because Valdez does not satisfy any of the conditions set forth in *Coss.* Valdez was represented by counsel at all stages of the 2001 conviction and there is no indication that the

---

1. In *Coss,* while five Justices recognized the first condition, only three Justices recognized the second and third conditions. *See* 532 U.S. at 396, n. *, 121 S.Ct. 1567 (stating that Justices Scalia and Thomas did not join the Supreme Court's opinion as to Part III–B, which includes the recognition of the second and third conditions). Some courts have

therefore considered the first condition to be the sole condition available. *See, e.g., Bowers v. Miller,* No. 05–CV–6023L, 2009 WL 2045630, at *1 (W.D.N.Y. July 10, 2009). The Court nonetheless addresses the second and third conditions because their consideration would not change the outcome.

state court either refused to rule on a properly presented constitutional claim or that Valdez has compelling evidence of actual innocence. The Court thus finds that Valdez does not satisfy the "in custody" requirement of § 2254.

For the foregoing reasons, it is hereby

**ORDERED** that the petition (Docket No. 1) of Ramon Valdez ("Valdez") for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DENIED in its entirety.

As Valdez has not made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); *Lucidore v. New York State Div. of Parole,* 209 F.3d 107, 111–13 (2d Cir.2000).

The Clerk of the Court is directed to withdraw any pending motions and to close this case.

**SO ORDERED.**