Lasky v. McHugh

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of August, two thousand sixteen.

PRESENT:
> ROSEMARY S. POOLER,
> GERARD E. LYNCH,
> SUSAN L. CARNEY,
> *Circuit Judges.*

———————————————————————

**Raymond Lasky,**

>                    *Plaintiff-Appellant*,

>          v.                                                              **15-1374**

**John McHugh, Secretary of the Army,**

>                    *Defendant-Appellee.*

———————————————————————

FOR PLAINTIFF-APPELLANT:          Raymond Lasky, pro se, Ansonia, CT.

FOR DEFENDANT-APPELLEE:          Carolyn A. Ikari, Marc H. Silverman, Assistant United States Attorneys, *for* Deirdre M. Daly, United States Attorney for the District of Connecticut, New Haven, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Thompson, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Raymond Lasky, proceeding pro se, appeals from a judgment in favor of the Secretary of the Army in his suit challenging his bad conduct discharge after a series of 1951 court-martial convictions. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's decisions on pretrial discovery and evidentiary hearings for abuse of discretion. *Pippins v. KPMG LLP*, 759 F.3d 235, 251 (2d Cir. 2014) (discovery); *Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000) (evidentiary hearing). We conclude that the district court did not abuse its discretion by denying Lasky's discovery motion or by failing to hold an evidentiary hearing before dismissing his complaint. Even liberally construing Lasky's complaint, the district court properly dismissed most of his claims under Federal Rules of Civil Procedure 12(b)(1) and (6) without the need to examine evidence. *See Halebian v. Berv*, 644 F.3d 122, 130 (2d Cir. 2011) (observing that courts do not ordinarily look beyond the complaint and attached documents in deciding a Rule 12(b)(6) motion); *Gualandi v. Adams*, 385 F.3d 236, 245 (2d Cir. 2004) (finding no abuse of discretion where plaintiffs had not demonstrated how discovery was needed to overcome jurisdictional challenge under Rule 12(b)(1)). And "[i]t is a fundamental rule of administrative law that a reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency."

*Watson v. Geren*, 587 F.3d 156, 164 (2d Cir. 2009) (alteration and internal quotation marks omitted).

We review de novo a dismissal under Rules 12(b)(1) or 12(b)(6), as well as a grant of summary judgment under Rule 56, "construing all evidence in the light most favorable to the non-moving party." *Willey v. Kirkpatrick*, 801 F.3d 51, 61–62 (2d Cir. 2015); *see also Tsirelman v. Daines*, 794 F.3d 310, 313 (2d Cir. 2015), *cert. denied sub nom. Tsirelman v. Zucker*, 136 S. Ct. 811 (2016). Because Lasky proceeds pro se, we "must interpret his papers liberally to raise the strongest arguments that they suggest." *Willey*, 801 F.3d at 62 (internal quotation marks omitted).

Upon review we conclude that the district court properly granted summary judgment on Lasky's claim under the Administrative Procedure Act, 5 U.S.C. § 701 et seq., and properly dismissed his remaining claims for failure to state a claim or for lack of jurisdiction. Except as noted below, we affirm for substantially the reasons stated by the district court in its thorough March 17, 2015 decision.

Although the district court correctly observed that any direct challenge to Lasky's 1951 court-martials would be time barred, the court lacked jurisdiction to hear a direct appeal from the court-martials. *See Schlesinger v. Councilman*, 420 U.S. 738, 746 (1975) (explaining that Article III courts lack jurisdiction to directly review court-martial determinations); *see also Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc.*, 448 F.3d 573, 580 (2d Cir. 2006) ("This Court may affirm an appealed decision on any ground which finds support in the record, regardless of the ground upon which the trial court relied." (internal quotation marks omitted)).

Similarly, to the extent Lasky sought habeas relief from his 1951 court-martial convictions under 28 U.S.C. § 2241, the district court lacked jurisdiction to hear such a challenge because

3

Lasky was not "in custody" under the challenged sentence. *See* 28 U.S.C. § 2241(c)(1), (3); *Williams v. Edwards*, 195 F.3d 95, 96 (2d Cir. 1999). And although the district court failed to warn Lasky that it might treat his complaint as a habeas petition and give him an opportunity to decline the conversion, *see Simon v. United States*, 359 F.3d 139, 145 (2d Cir. 2004), any error was harmless; Lasky could not then, and cannot going forward, satisfy § 2241's jurisdictional "in custody" requirement with respect to his court-martial conviction, obviating any concerns about second or successive petitions.

We have considered Lasky's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

<div style="margin-left:50%">

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

</div>

4